IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY FLORIDA

CASE NO. CACE-12-013149 (13)

STEVEN PAUL JONES,

     Plaintiff,

vs.

CITY OF PLANTATION POLICE DEPARTMENT and
CITY OF PLANTATION,
TOM BUTT,
SHAWN BURST,

     Defendants.

_____/

## SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, STEVEN PAUL JONES, by and through his undersigned counsel, and hereby files his Second Amended Complaint against the Defendants, City of Plantation Police Department Detective Tom Butt and City of Plantation Police Department Officer Shawn Burst and states as follows:

### JURISDICTION AND PARTIES

1.    This is an action damages greater than $15,000.00 for false imprisonment and malicious prosecution and further, an action under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

2.    Plaintiff, STEVEN PAUL JONES was and is a resident of Broward County, Florida and a citizen of the United States of America.

3.    Defendant, TOM BUTT ("Butt"), is a detective with the City of Plantation Police Department located and doing business in Broward County, Florida. Butt was at all times relevant herein a duly appointed and acting detective of the City of Plantation Police Department.

4.      At all times mentioned herein, Butt was acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the County of Broward.

5.      Defendant, SHAWN BURST ("Burst"), is an officer with the City of Plantation Police Department located and doing business in Broward County, Florida. Burst was at all times relevant herein a duly appointed and acting officer of the City of Plantation Police Department.

6.      At all times mentioned herein, Burst was acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the County of Broward.

7.      Notice to the Defendants was sent pursuant to F.S. 768.28(6), (a), a copy of which is hereby attached as **Exhibit "A."**

8.      All events took place in about Broward County, Florida.

## FACTUAL ALLEGATIONS

9.      Plaintiff, STEVEN PAUL JONES ("Jones"), had a live-in relationship with a female girlfriend. Jones and this female girlfriend had a child together.

10.     The girlfriend's mother intensely disliked Jones and repeatedly tried to get her daughter (live-in female girlfriend) to leave Jones.

11.     The girlfriend's mother was a long term employee at a local restaurant. At said restaurant, Jones' girlfriend's mother repeatedly and regularly complained about Jones to Burst. These comments and criticisms of Jones by the mother were made to Burst over a long period of time.

12.     During that same time period, Burst harassed and stalked Jones in the following manner:

     a.     On one occasion, Burst arrested Jones for loitering as Jones was smoking a cigarette outside a family member's apartment. This charge was dismissed.

     b.     On another occasion, Burst concealed himself in the bushes in uniform and surveilled Jones near Jones' apartment.

     c.     On another occasion, Burst detained Jones for no apparent reason.

13.     On or about February 12, 2008, Burst caused Jones to be falsely arrested without probable cause for lewd and lascivious behavior upon a child under the age of 12.

14.     Burst and Butt failed to include in the probable cause affidavit the following facts:

     a.     The fact that the child witnesses made contradictory statements regarding the identification of Jones as the perpetrator;

     b.     The fact that two other witnesses refused to identify Jones as the perpetrator.

     c.     The fact that there was another suspect who was a registered sex offender who was similar in appearance to Jones and this was known to the Defendants Burst and Butt at this time;

     d.     The fact that the tip that Jones was the perpetrator came from the Mother of Jones' girlfriend and that the mother was friends with the investigating officer;

     e.     The fact that the investigating officer conducted this investigation and these types of investigations were not part of his regular duties at the time;

     f.     The fact that a photo of the registered sex offender was not included in the photo lineup; and

     g.     The fact that the Defendants Burst and Butt used a driver's license photo of

Jones in the photo lineup while all the other photos in the lineup were booking photos making Jones's photo stand out from the other photos.

15.     Both Butt and Burst deliberately avoided:

      a.     considering another registered sex offender residing in the area;

      b.     placing a photo of said registered sex offender in the photo lineup utilized.

16.     As a result of Burst's and Butt's actions and omissions, Jones was falsely imprisoned, maliciously prosecuted, and not released until August of 2009 when the State Attorney's Office of Broward County, Florida nolle prossed all charges.

17.     Burst and Butt filed or caused to be filed the false probable cause affidavit to cause Jones to be falsely arrested, imprisoned and maliciously prosecuted causing Jones injury to reputation, distress and anguish, shame, humiliation, loss of income and mental suffering.

**COUNT I**
**FALSE IMPRISONMENT**

18.     Jones hereby incorporates Paragraphs 1 through 17 as though fully set forth herein.

19.     As a result of the Burst's and Butt's false arrest of Jones due to a false probable cause affidavit filed by Burst and Butt, Jones was incarcerated in the Broward County Jail from February 12, 2008 to August 2009.

20.     As a result of the false imprisonment, Jones suffered injury to reputation, distress and anguish, shame, humiliation, loss of income, and mental suffering.

21.     The direct and proximate result of Butt's and Burst's acts is that Jones has suffered severe and permanent injury to his reputation, impaired Jones' ability to earn income, Jones was

forced to endure great pain and mental suffering, and caused Jones to incur medical and legal expenses, and deprived Jones of his physical liberty and caused Jones to suffer a loss of wages.

WHEREFORE, Plaintiff, STEVEN PAUL JONES respectfully requests the entry of a judgment against Defendants, TOM BUTT and SHAWN BURST, including, but not limited to:

            A.     Award compensatory damages against Defendants, TOM BUTT and SHAWN BURST;

            B.     Award punitive damages against the Defendants, TOM BUTT and SHAWN BURST;

            C.     Award such other and further relief as this Court may deem appropriate.

## COUNT II
## MALICIOUS PROSECUTION

22.     Jones hereby incorporates Paragraphs 1 through 17 as though fully set forth herein.

23.     As a result of Burst and Butt filing a false probable cause affidavit with the State Attorney's Office of Broward County, Florida, Jones was prosecuted for crimes he never committed.

24.     The prosecution of this action was brought vindictively and for an ulterior motive; for the purpose of attempting to illegally harass and to defame Jones.

25.     The bringing and continuing of the action against Jones constituted malicious prosecution on the part of Burst and Butt and its conduct being willful, wanton, and malicious warrants punitive damages.

26.     That as a result of the malicious prosecution, Jones was obligated to defend himself and to expend time in his defense, that he lost time from the ordinary pursuits in his life and home and that the quality of his life was diminished by it all to his great damage.

27.     Jones defended himself and showed that Burst's and Butt's allegations were unfounded and frivolous and without probable cause to believe that the action filed by the State Attorney based on the false probable cause affidavit would succeed and was for an improper purpose.

28.     Jones requests special damages as may be shown and for general compensatory damages in tort as may be determined by a jury, punitive damages as may be determined by a jury, and for costs, disbursements, and reasonable attorney's fees and any such further and other relief as this Court deems just and proper.

29.     The direct and proximate result of Butt's and Burst's acts is that Jones has suffered severe and permanent injury to his reputation, impaired Jones' ability to earn income, Jones was forced to endure great pain and mental suffering, and caused Jones to incur medical and legal expenses, and deprived Jones of his physical liberty and caused Jones to suffer a loss of wages.

WHEREFORE, Plaintiff, STEVEN PAUL JONES respectfully requests the entry of a judgment against Defendants, TOM BUTT and SHAWN BURST, including, but not limited to:

A.     Award compensatory damages in tort against Defendants, TOM BUTT and SHAWN BURST;

B.     Award punitive damages against the Defendants, TOM BUTT and SHAWN BURST;

C.     Award special damages against the Defendants, TOM BUTT and SHAWN BURST; and

D.     Award such other and further relief as this Court may deem appropriate.

## COUNT III - JONES' CLAIM UNDER 42 U.S.C. § 1983 and 42 U.S.C § 1988 AGAINST DEFENDANT SHAWN BURST INDIVIDUALLY

30.     Jones hereby incorporates Paragraphs 1 through 17 as though fully set forth herein.

31.    Burst intentionally and maliciously caused the arrest, confinement, and imprisonment of Jones without probable cause.

32.    Burst's acts and conduct as alleged herein clearly violated established statutory and constitutional rights of Jones including, but not limited to, Jones' Fourth Amendment right to be free from search and seizure and wrongful arrest, detention, and confinement without due process of law. Said arrest and imprisonment further caused an illegal deprivation of Jones' liberty without due process of law.

33.    Burst subjected Jones to such deprivation by either malice or reckless disregard of Jones' rights.

34.    Burst intentionally withheld exculpatory information from other investigating officers, and the prosecuting state attorneys.

35.    The direct and proximate result of Burst's acts is that Jones has suffered severe and permanent injury to his reputation, impaired Jones' ability to earn income, Jones was forced to endure great pain and mental suffering, and caused Jones to incur medical and legal expenses, and deprived Jones of his physical liberty and caused Jones to suffer a loss of wages.

36.    Jones was illegally and wrongfully incarcerated for 20 months.

WHEREFORE, Plaintiff, STEVEN PAUL JONES, requests that this Court:

    A.    Award compensatory damages against Defendant, SHAWN BURST;

    B.    Award punitive damages against the Defendant, SHAWN BURST;

    C.    Award costs of this action including attorney's fees to the Plaintiff, STEVEN PAUL JONES, pursuant to 42 U.S.C. § 1988; and

    D.    Award such other and further relief as this Court may deem appropriate.

## COUNT IV - JONES' CLAIM UNDER 42 U.S.C. § 1983 and 42 U.S.C § 1988 AGAINST DEFENDANT TOM BUTT INDIVIDUALLY

37.     Jones hereby incorporates Paragraphs 1 through 17 as though fully set forth herein.

38.     Butt intentionally and maliciously caused the arrest, confinement, and imprisonment of Jones without probable cause.

39.     Butt's acts and conduct as alleged herein clearly violated established statutory and constitutional rights of Jones including, but not limited to, Jones' Fourth Amendment right to be free from search and seizure and wrongful arrest, detention, and confinement without due process of law. Said arrest and imprisonment further caused an illegal deprivation of Jones' liberty without due process of law.

40.     Butt subjected Jones to such deprivation by either malice or reckless disregard of Jones' rights.

41.     Butt intentionally withheld exculpatory information from other investigating officers, and the prosecuting state attorneys.

42.     Butt, at the bond hearing for Jones, committed perjury by falsely testifying regarding the identification of Jones as the alleged perpetrator.

43.     The direct and proximate result of Butt's acts is that Jones has suffered severe and permanent injury to his reputation, impaired Jones' ability to earn income, Jones was forced to endure great pain and mental suffering, and caused Jones to incur medical and legal expenses, and deprived Jones of his physical liberty and caused Jones to suffer a loss of wages.

44.     Jones was illegally and wrongfully incarcerated for 20 months.

WHEREFORE, Plaintiff, STEVEN PAUL JONES, requests that this Court:

    A.      Award compensatory damages against Defendant, TOM BUTT;

    B.      Award punitive damages against the Defendant, TOM BUTT;

C.      Award costs of this action including attorney's fees to the Plaintiff, STEVEN

PAUL JONES, pursuant to 42 U.S.C. § 1988; and

D.      Award such other and further relief as this Court may deem appropriate.

45.     Plaintiff, STEVEN PAUL JONES, requests a trial by jury on all counts.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent via E-Mail

(johnson@jambg.com; stearns@jambg.com) to E. Bruce Johnson, Esquire; Christopher J. Stearns,

Jr., Esquire; JOHNSON, ANSELMO, MURDOCH, ET AL., Attorneys for Defendants, 2455 East

Sunrise Boulevard, Suite 1000, Fort Lauderdale, FL 33304, on this 31st day of July, 2013.

THE SHOCHET LAW GROUP
Attorneys for Plaintiff
4897 Jog Road
Greenacres, FL 33467
561-641-9810
561-253-2695 (fax)
E-mail: rshochet@shochetlaw.com (P)
E-mail: CMTRombley@shochetlaw.com (S)


By_____/s/ Randall M. Shochet_____
      Randall M. Shochet   (FBN 959421)


CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
Co-Counsel for Plaintiff
1880 North Congress Avenue, Suite 205
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail: crush@crushlawfl.com (Primary)
E-mail: lmyers@crushlawfl.com (Secondary)


By_____/s/ Christopher J. Rush_____
      Christopher J. Rush (FBN 621706)

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No: 12-013149(13)
Division:

STEVEN PAUL JONES

    Plaintiff,

vs.

CITY OF PLANTATION, FL

    Defendant.

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, through counsel and sues the Defendant, CITY OF

PLANTATION, FL, a governmental entity and states as follows:

### JURISDICTION AND PARTIES

1.    This is an action damages greater than $15,000.00 for false imprisonment and
malicious prosecution.

2.    Plaintiff, STEVEN PAUL JONES was and is a resident of Broward County,
Florida.

3.    Defendant, CITY OF PLANTATION, FL is a governmental entity located and
doing business in Broward County, Florida.

4.    Notice to the Defendant was sent pursuant to F.S. 768.28(6), (a), a copy of which
is hereby attached as **Exhibit "A."**

5.    All events took place in about Broward County, Florida.

### FACTUAL ALLEGATIONS

6.    On or about February 12, 2008, Defendant caused Plaintiff to be falsely arrested
without probable cause for lewd and lascivious behavior upon a child under the age of 12.

RECEIVED
JUN 14 2012

7.    The defendant failed to include in the probable cause affidavit the following facts:

a. The fact that the child witnesses made contradictory statement regarding the identification of the Plaintiff as the perpetrator.

b. The fact that two other witnesses refused to identify the Plaintiff as the perpetrator.

c. The fact that there was another suspect who was a registered sex offender who was similar in appearance to the Plaintiff and this was known to the Defendant at this time.

d. The fact that the tip that the Plaintiff was the perpetrator came from the Mother of the Plaintiff's girlfriend and that the mother was friends with the investigating officer.

e. The fact that the investigating officer conducted this investigation and these types of investigation was not part of his regular duties at the time.

f. The fact that a photo of the registered sex offender was not included in the photo line up.

g. The fact that the Defendant used a driver's license photo of the Plaintiff in the photo lineup while all the other photos in the lineup were booking photos making the Plaintiff's photo stand out from the other photos.

8.    As a result of the Defendant's actions and omissions, the Plaintiff was falsely imprisoned, maliciously prosecuted and not released until August of 2009 when the State Attorney's Office of Broward County, Florida nolle prossed all charges.

9.    It is clear that the Defendant filed the false probable cause affidavit to cause the Plaintiff to be falsely arrested, imprisoned and maliciously prosecuted causing the Plaintiff injury to reputation, distress and anguish, shame, humiliation, loss of income and mental suffering.

## COUNT I

## FALSE IMPRISONMENT

10.    Plaintiff hereby incorporates paragraphs 1-9 as though fully set forth herein.

11.    As a result of the Defendant's false arrest of the Plaintiff due to a false probable cause affidavit filed by the Defendant, Plaintiff was incarcerated in the Broward County Jail from February 12, 2008 to August of 2009.

12.    As a result of the false imprisonment, the Plaintiff suffered injury to reputation, distress and anguish, shame, humiliation, loss of income and mental suffering.

WHEREFORE, Plaintiff, STEVEN PAUL JONES respectfully requests the entry of a judgment against Defendant, CITY OF PLANTATION, FL for all damages, an award of attorney fees and costs pursuant to F.S. 768.28 (8), and any such further and other relief as this Court deems just and proper.

## COUNT II

### MALICIOUS PROSECUTION

13. Plaintiff hereby incorporates paragraphs 1-9 as though fully set forth herein.

14. As a result of the Defendant filing a false probable cause affidavit with the State Attorney's Office of Broward County, Florida, the Plaintiff was prosecuted for a crime he never committed.

15. The prosecution of this action was brought vindictively and for an ulterior motive; for the purpose of attempting to legally harass and to defame the Plaintiff.

16. The bringing and continuing of the action against the Plaintiff constituted malicious prosecution on the part of the Defendant and its conduct being willful, wanton and malicious warrants punitive damages.

17. That as a result of the malicious prosecution, Plaintiff was obliged to defend himself and to expend time in his defense, that he lost time from the ordinary pursuits in his life and home and that the quality of his life was diminished by it all to his great damage.

18. Plaintiff defended himself and showed that the Defendant's allegations were unfounded and frivolous and without probable cause to believe that the action filed by the State Attorney based on the false probable cause affidavit would succeed and was for an improper purpose.

19. Wherefore, Plaintiff requests special damages as may be shown and for general compensatory damages in tort as may be determined by a jury, punitive damages as may be determined by a jury and for costs, disbursements and reasonable attorney fees and any such further and other relief as this Court deems just and proper.

WHEREFORE, Plaintiff, STEVEN PAUL JONES demands judgment against CITY OF PLANTATION, FL, for special damages, compensatory damages in tort, punitive damages, attorney fees and costs and a trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed via U.S. mail this 13th day of June, 2012 to: E. Bruce Johnson at 2455 E. Sunrise Blvd. #1000, Ft. Lauderdale, FL 33304

Respectfully submitted,
THE SHOCHET LAW GROUP
Attorneys for Defendant
4897 Jog Road
Greenacres, Florida 33467
Telephone: (561) 641-9810
Facsimile: (561) 253-2695

By: _____

For   Randall M. Shochet, Esquire
     ( Florida Bar No.  959421)

RECEIVED MAY 0 9 2012

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No:
Division: 1 2 0 1 3 1 4 9

STEVEN PAUL JONES

    Plaintiff,

vs.

CITY OF PLANTATION POLICE DEPARTMENT

    Defendant.

_____/

13

A TRUE COPY

MAY 0 8 2012

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

### COMPLAINT

COMES NOW the Plaintiff, by and through their undersigned counsel and sues the

Defendant, CITY OF PLANTATION POLICE DEPARTMENT, a governmental agency and

states as follows:

### JURISDICTION AND PARTIES

1.    This is an action damages greater than $15,000.00 for false imprisonment and
malicious prosecution.

2.    Plaintiff, STEVEN PAUL JONES was and is a resident of Broward County,
Florida.

3.    Defendant, CITY OF PLANTATION POLICE DEPARTMENT is a
governmental

agency located and doing business in Broward County, Florida.

4.    Notice to the Defendant was sent pursuant to F.S. 768.28(6), (a), a copy of which
is hereby attached as **Exhibit "A."**

5.    All events took place in about Broward County, Florida.

### FACTUAL ALLEGATIONS

RECEIVED

MAY 15 2012

6.    On or about February 12, 2008, Defendant caused Plaintiff to be falsely arrested without probable cause for lewd and lascivious behavior upon a child under the age of 12.

7.    The defendant failed to include in the probable cause affidavit the following facts:

a. The fact that the child witnesses made contradictory statement regarding the identification of the Plaintiff as the perpetrator.

b. The fact that two other witnesses refused to identify the Plaintiff as the perpetrator.

c. The fact that there was another suspect who was a registered sex offender who was similar in appearance to the Plaintiff and this was known to the Defendant at this time.

d. The fact that the tip that the Plaintiff was the perpetrator came from the Mother of the Plaintiff's girlfriend and that the mother was friends with the investigating officer.

e. The fact that the investigating officer conducted this investigation and these types of investigation was not part of his regular duties at the time.

f. The fact that a photo of the registered sex offender was not included in the photo line up.

g. The fact that the Defendant used a driver's license photo of the Plaintiff in the photo lineup while all the other photos in the lineup were booking photos making the Plaintiff's photo stand out from the other photos.

8.    As a result of the Defendant's actions and omissions, the Plaintiff was falsely imprisoned, maliciously prosecuted and not released until August of 2009 when the State Attorney's Office of Broward County, Florida nolle prossed all charges.

9.    It is clear that the Defendant filed the false probable cause affidavit to cause the Plaintiff to be falsely arrested, imprisoned and maliciously prosecuted causing the Plaintiff injury to reputation, distress and anguish, shame, humiliation, loss of income and mental suffering.

## COUNT I

## FALSE IMPRISONMENT

10.    Plaintiff hereby incorporates paragraphs 1-9 as though fully set forth herein.

11.    As a result of the Defendant's false arrest of the Plaintiff due to a false probable cause affidavit filed by the Defendant, Plaintiff was incarcerated in the Broward County Jail from February 12, 2008 to August of 2009.

12.     As a result of the false imprisonment, the Plaintiff suffered injury to reputation, distress and anguish, shame, humiliation, loss of income and mental suffering.

WHEREFORE, Plaintiff, STEVEN PAUL JONES respectfully requests the entry of a judgment against Defendant, CITY OF PLANTATION POLICE DEPARTMENT for all damages, an award of attorney fees and costs pursuant to F.S. 768.28 (8), and any such further and other relief as this Court deems just and proper.

## COUNT II

## MALICIOUS PROSECUTION

13.     Plaintiff hereby incorporates paragraphs 1-9 as though fully set forth herein.

14.     As a result of the Defendant filing a false probable cause affidavit with the State Attorney's Office of Broward County, Florida, the Plaintiff was prosecuted for a crime he never committed.

15.     The prosecution of this action was brought vindictively and for an ulterior motive; for the purpose of attempting to legally harass and to defame the Plaintiff.

16.     The bringing and continuing of the action against the Plaintiff constituted malicious prosecution on the part of the Defendant and its conduct being willful, wanton and malicious warrants punitive damages.

17.     That as a result of the malicious prosecution, Plaintiff was obliged to defend himself and to expend time in his defense, that he lost time from the ordinary pursuits in his life and home and that the quality of his life was diminished by it all to his great damage.

18.     Plaintiff defended himself and showed that the Defendant's allegations were unfounded and frivolous and without probable cause to believe that the action filed by the State Attorney based on the false probable cause affidavit would succeed and was for an improper purpose.

19.     Wherefore, Plaintiff requests special damages as may be shown and for general compensatory damages in tort as may be determined by a jury, punitive damages as may be determined by a jury and for costs, disbursements and reasonable attorney fees and any such further and other relief as this Court deems just and proper.

WHEREFORE, Plaintiff, STEVEN PAUL JONES demands judgment against CITY OF PLANTATION POLICE DEPARTMENT, for special damages, compensatory damages in

tort, punitive damages, attorney fees and costs and a trial by jury.

Respectfully Submitted,

Eric B. Ash, Esq
Attorney for Plaintiff
Florida Bar No. 976891
Shochet Law Group, LLP
4897 Jog Road
Greenacres, Florida 33467
Telephone: (561) 244 5308
Facsimile: (561) 253-2695

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 12-013149(13)

STEVEN PAUL JONES,

      Plaintiff,

vs

CITY OF PLANTATION,

      Defendant.

_____/

## DEFENDANT, CITY OF PLANTATION'S, CORRECTED MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE

COMES NOW Defendant, CITY OF PLANTATION ("City"), by and through its undersigned attorneys, and requests this Honorable Court to enter an Order dismissing Plaintiff's First Amended Complaint with prejudice, and states as follows:

1. On June 13, 2012, Plaintiff, Steven Paul Jones, filed his First Amended Complaint against the City, alleging false imprisonment and malicious prosecution.

2. Plaintiff alleges that on February 12, 2008, he was falsely arrested without probable cause for lewd and lascivious behavior upon a child under the age of 12 by the City. See First Amended Complaint, ¶ 6. Plaintiff further alleges that he was not released until August 2009, when the State Attorney's Office of Broward County, Florida, nolle prossed all charges. Id. at ¶ 8.

3. Plaintiff alleges that he provided notice to the Defendant of his claim pursuant to Fla. Stat. 768.28(6)(a), as set forth by Exhibit "A", to the First Amended Complaint. However, Exhibit "A" was _not_ attached to the First Amended Complaint. Exhibit "A" to the original Complaint was directed to the City of Plantation Police Department, _not_ the City of Plantation. Moreover, the

"notice letter" was received by the City of Plantation Police Department on January 9, 2012, but is dated January 4, 2011, which Defendant assumes is a scrivener's error since the "notice letter" was sent by Plaintiff's attorney on January 4, 2012.

4.    Plaintiff's claims against the City are barred by the statute of limitations.  Pursuant to Fla. Stat. §768.28(6)(a), if written notice of a claim is not given within three years after the claim accrues, or if notice is timely provided and suit is not filed within four years from the date the claim accrues, then the claim is barred by the statute of limitations. Here, Plaintiff has alleged that he was arrested on February 12, 2008. Therefore, Plaintiff had until February 12, 2011 to place the City of Plantation on statutory notice as required by Fla. Stat. §768.28, and had to file suit by February 12, 2012 (within four years from February 12, 2008). However, the original Complaint was filed with the clerk on May 8, 2012, more than four years after the date Plaintiff was arrested.  Therefore, Plaintiff's lawsuit and the claims asserted are barred by the four year statute of limitations *and* by Plaintiff's failure to present his claim in writing within three years from February 12, 2008. A party must strictly comply with the provisions of Fla. Stat. §768.28 and failure to do so will result in dismissal of the lawsuit with prejudice. See *Levine v. Dade County School Board*, 442, So.2d 210 (Fla. 1983)(Affirming dismissal of Complaint for failing to comply with notice provisions of Fla. Stat. §768.28(6) within the applicable time period). The dismissal of a claim on the basis of statute of limitations is appropriate when on the face of the pleadings it is clear that the statute of limitation s bars the action. See, *Anderson v. Emro Marketing Company*, 550 So.2d 531 (Fla. 1st DCA 1989); *Metropolitan Dade County v. Reyes*, 688 So.2d 311 (Fla. 1996).

5.    In Count II of the First Amended Complaint, Plaintiff has asserted a claim for

malicious prosecution against the City. Pursuant to Fla. Stat. §768.28, such a claim cannot be filed against a governmental agency, since it includes the allegation of malice. In the State of Florida, governmental entities are not liable for any tort in which malice is asserted, which is a necessary element of malicious prosecution. See *City of Coconut Creek v. Fowler*, 474 So.2d 820 (Fla. 4th DCA 1985); *Irani v. City of Hallandale*, 756 So.2d 110 (Fla. 4th DCA 1999); noting that the trial court correctly dismissed plaintiff's malicious prosecution count as barred by section Fla. Stat. §768.28(9) Florida Statutes; *Craven v. Metropolitan Dade County*, 545 So.2d 932 (Fla. 3rd DCA 1989) (Affirming summary judgment on the basis that as a political subdivision in the state of Florida, Dade County is immune from liability for malicious prosecution.) Therefore, Plaintiff's claim for malicious prosecution against the City must be dismissed with prejudice.

6. In Count I for false imprisonment, Plaintiff requests an award of attorneys' fees against the City. Pursuant to Fla. Stat. §768.28, attorneys' fees are not recoverable against a governmental agency. Therefore, Plaintiff's request for attorneys' fees must be dismissed.

7. In Count II of Plaintiff's First Amended Complaint for malicious prosecution, Plaintiff requests an award of attorneys' fees and punitive damages. Pursuant to Fla. Stat. §768.28, the award of attorney's fees and punitive damages are not recoverable against a governmental agency. Therefore, Plaintiff's request for punitive damages and attorneys' fees must be dismissed.

WHEREFORE, Defendant, CITY OF PLANTATION, requests this Honorable Court to enter and Order dismissing Plaintiff's First Amended Complaint with prejudice.

Jones v. City of Plantation
Case No.: 12-013149(13)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed via US Mail this 21st day of June, 2012, to: **Randall Shochet, Esq.**, Shochet Law Group, LLP, 4897 Jog Road, Greenacres, FL 33467.

JOHNSON, ANSELMO, MURDOCH
BURKE, PIPER & HOCHMAN, P.A.
Attorney for City of Plantation PD
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: 954/463-0100
Fax: 954-463-2444

By _____
E. BRUCE JOHNSON
FLA. BAR NO. 262137
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870

4

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 12-013149(13)

STEVEN PAUL JONES,

      Plaintiff,

vs

CITY OF PLANTATION
POLICE DEPARTMENT,

      Defendant.

_____/

### DEFENDANT, CITY OF PLANTATION,
### MOTION TO DISMISS WITH PREJUDICE

COMES NOW Defendant, CITY OF PLANTATION ("City"), by and through its undersigned attorneys, and requests this Honorable Court to enter an Order dismissing the Complaint with prejudice, and states as follows:

1.    On June 13, 2012, Plaintiff, Steven Paul Jones, filed his Complaint against the City, alleging false imprisonment and malicious prosecution.

2.    Plaintiff alleges that on February 12, 2008, he was falsely arrested without probable cause for lewd and lascivious behavior upon a child under the age of 12 by the City. See First Amended Complaint, ¶ 6. Plaintiff further alleges that he was not released until August 2009, when the State Attorney's Office of Broward County, Florida, nolle prossed all charges. Id. at ¶ 8.

3.    Plaintiff alleges that he provided notice to the Defendant of his claim pursuant to Fla. Stat. 768.28(6)(a), as set forth by Exhibit "A", to the Complaint. However, Exhibit "A" was **_not_** attached to the First Amended Complaint. Exhibit "A" to the original Complaint was directed to the City of Plantation Police Department, **_not_** the City of Plantation. Moreover, the "notice letter" was

received by the City of Plantation Police Department on January 9, 2012, but is dated January 4, 2011, which Defendant assumes is a scrivener's error since the "notice letter" was sent by Plaintiff's attorney on January 4, 2012.

4.     Plaintiff's claims against the City are barred by the statute of limitations.  Pursuant to Fla. Stat. §768.28(6)(a), if written notice of a claim is not given within three years after the claim accrues, or if notice is timely provided and suit is not filed within four years from the date the claim accrues, then the claim is barred by the statute of limitations. Here, Plaintiff has alleged that he was arrested on February 12, 2008. Therefore, Plaintiff had until February 12, 2011 to place the City of Plantation on statutory notice as required by Fla. Stat. §768.28, and had to file suit by February 12, 2012 (within four years from February 12, 2008). However, the original Complaint was filed with the clerk on May 8, 2012, more than four years after the date Plaintiff was arrested.  Therefore, Plaintiff's lawsuit and the claims asserted are barred by the four year statute of limitations ***and*** by Plaintiff's failure to present his claim in writing within three years from February 12, 2008.  A party must strictly comply with the provisions of Fla. Stat. §768.28 and failure to do so will result in dismissal of the lawsuit with prejudice.  See *Levine v. Dade County School Board*, 442, So.2d 210 (Fla. 1983)(Affirming dismissal of Complaint for failing to comply with notice provisions of Fla. Stat. §768.28(6) within the applicable time period). The dismissal of a claim on the basis of statute of limitations is appropriate when on the face of the pleadings it is clear that the statute of limitation s bars the action. See, *Anderson v. Emro Marketing Company*, 550 So.2d 531 (Fla. 1st DCA 1989); *Metropolitan Dade County v. Reyes*, 688 So.2d 311 (Fla. 1996).

5.     In Count II of the Complaint, Plaintiff has asserted a claim for malicious prosecution

2

against the City. Pursuant to Fla. Stat. §768.28, such a claim cannot be filed against a governmental agency, since it includes the allegation of malice. In the State of Florida, governmental entities are not liable for any tort in which malice is asserted, which is a necessary element of malicious prosecution. See *City of Coconut Creek v. Fowler*, 474 So.2d 820 (Fla. 4th DCA 1985); *Irani v. City of Hallandale*, 756 So.2d 110 (Fla. 4th DCA 1999); noting that the trial court correctly dismissed plaintiff's malicious prosecution count as barred by section Fla. Stat. §768.28(9) Florida Statutes; *Craven v. Metropolitan Dade County*, 545 So.2d 932 (Fla. 3rd DCA 1989) (Affirming summary judgment on the basis that as a political subdivision in the state of Florida, Dade County is immune from liability for malicious prosecution.) Therefore, Plaintiff's claim for malicious prosecution against the City must be dismissed with prejudice.

6.      In Count I for false imprisonment, Plaintiff requests an award of attorneys' fees against the City. Pursuant to Fla. Stat. §768.28, attorneys' fees are not recoverable against a governmental agency. Therefore, Plaintiff's request for attorneys' fees must be dismissed.

7.      In Count II for malicious prosecution, Plaintiff requests an award of attorneys' fees and punitive damages. Pursuant to Fla. Stat. §768.28, the award of attorney's fees and punitive damages are not recoverable against a governmental agency. Therefore, Plaintiff's request for punitive damages and attorneys' fees must be dismissed.

WHEREFORE, Defendant, CITY OF PLANTATION, requests this Honorable Court to enter and Order dismissing Plaintiff's Complaint with prejudice.

## CERTIFICATE OF SERVICE

3

Jones v. City of Plantation
Case No.: 12-013149(13)

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed via US Mail this _16_ day of June, 2012, to: **Eric B. Ash, Esq.**, Shochet Law Group, LLP, 4897 Jog Road, Greenacres, FL 33467.

JOHNSON, ANSELMO, MURDOCH
BURKE, PIPER & HOCHMAN, P.A.
Attorney for City of Plantation PD
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: 954-463-0100
Fax: 954-463-2444

By _____
E. BRUCE JOHNSON
FLA. BAR NO. 262137
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870

4

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 12-013149(13)

STEVEN PAUL JONES,

     Plaintiff,

vs

CITY OF PLANTATION
POLICE DEPARTMENT,

     Defendant.

                    /

## DEFENDANT, CITY OF PLANTATION POLICE DEPARTMENT'S, MOTION TO DISMISS WITH PREJUDICE

COMES NOW Defendant, CITY OF PLANTATION POLICE DEPARTMENT ("Police Department"), by and through its undersigned attorneys, and requests this Honorable Court to enter an Order dismissing the Complaint with prejudice, and states as follows:

1.     On May 8, 2012, Plaintiff, Steven Paul Jones, filed his Complaint against the City of Plantation Police Department, alleging false imprisonment and malicious prosecution. Plaintiff served the Mayor of the City of Plantation on May 9, 2012, as set forth by the return of service.

2.     That Plaintiff alleges that on February 12, 2008, he was falsely arrested without probable cause for lewd and lascivious behavior upon a child under the age of 12 by the City of Plantation Police Department. Plaintiff further alleges that he was not released until August 2009, when the State Attorney's Office of Broward County, Florida, nolle prossed all charges.

3.     That Plaintiff has alleged that he provided notice to the Defendant of his claim pursuant to Fla. Stat. 768.28(6)(a), as set forth by Exhibit "A", to the Complaint. Exhibit "A" was received by the City of Plantation on January 9, 2012, but is dated January 4, 2011, which Defendant assumes is

a scrivener's error since it was sent by Plaintiff's attorney on January 4, 2012.

4.     Plaintiff's Complaint must be dismissed against the City of Plantation Police Department since a police department is not a legal entity and does not have any legal existence apart from the City itself, and is not subject to suit. See *Florida City Police Department v. Corkran*, 661 So.2d 409, 410 (Fla. 3rd DCA 1995); *Eddy v. City of Miami*, 715 F. Supp.1553, 1556 (S.D. Fla. 1989); *Dean v. Barber*, 951 F. 2d 1210 (11th Cir. 1992); *Lancaster vs. St. Petersburg Police Department*, 2005 US District. Lexis 46159 (M.D. Fla. 2005); *Ball v. Coral Gables*, 548 F. Supp.2d 1364 (S.D. Fla. 2008).

5.     That Plaintiff's claims are barred by the statute of limitations.   Pursuant to Fla. Stat. §768.28(6)(a), if written notice of a claim is not given within three years after the claim accrues, or if notice is timely provided and suit is not filed within four years from the date the claim accrues, then the claim is barred by the statute of limitations. In this matter, Plaintiff has alleged that he was arrested on February 12, 2008. Therefore, Plaintiff had until February 12, 2011 to place Defendant on statutory notice as required by Fla. Stat. §768.28, and had to file suit by February 12, 2012 (within four years from February 12, 2008). As set forth by the Complaint and the date the Complaint was filed with the clerk, stamped as receiving the Complaint on May 8, 2012, the Complaint was filed more than four years from the date Plaintiff was arrested.   Therefore, Plaintiff's lawsuit and the claims asserted are barred by the four year statute of limitations and by Plaintiff's failure to present his claim in writing within three years from February 12, 2008.   A party must strictly comply with the provisions of Fla. Stat. §768.28 and failure to do so will result in dismissal of the lawsuit with prejudice.   See *Levine v. Dade County School Board*, 442, So.2d 210 (Fla. 1983)(Affirming

dismissal of Complaint for failing to comply with notice provisions of Fla. Stat. §768.28(6) within the applicable time period). The dismissal of a claim on the basis of statute of limitations is appropriate when on the face of the pleadings it is clear that the statute of limitation s bars the action. See, *Anderson v. Emro Marketing Company*, 550 So.2d 531 (Fla. 1st DCA 1989); *Metropolitan Dade County v. Reyes*, 688 So.2d 311 (Fla. 1996).

6.      In Count II of the Complaint, Plaintiff has asserted a claim for malicious prosecution against the City of Plantation Police Department.  Pursuant to Fla. Stat. §768.28, such a claim cannot be filed against a governmental agency, since it includes the allegation of malice. In the State of Florida, governmental entities are not liable for any tort in which malice is asserted, which is a necessary element of malicious prosecution.  See *City of Coconut Creek v. Fowler*, 474 So.2d 820 (Fla. 4th DCA 1985); *Irani v. City of Hallandale*, 756 So.2d 110 (Fla. 4th DCA 1999); noting that the trial court correctly dismissed plaintiff's malicious prosecution count as barred by section Fla. Stat. §768.28(9) Florida Statutes; *Craven v. Metropolitan Dade County*, 545 So.2d 932 (Fla. 3rd DCA 1989) (Affirming summary judgment on the basis that as a political subdivision in the state of Florida, Dade County is immune from liability for malicious prosecution.)  Therefore, Plaintiff's claim for malicious prosecution against the City of Plantation Police Department must be dismissed with prejudice.

7.      That Count I of Plaintiff's Complaint for false imprisonment requests an award of attorneys' fees against the City of Plantation Police Department. Pursuant to Fla. Stat. §768.28, attorneys' fees are not recoverable against a governmental agency. Therefore, Plaintiff's request for attorneys' fees must be dismissed.

Jones v. City of Plantation PD
Case No.: 12-013149(13)

8.      In Count II for malicious prosecution, Plaintiff requests an award of attorneys' fees and

punitive damages. Pursuant to Fla. Stat. §768.28, the award of attorney's fees and punitive damages

are not recoverable against a governmental agency. Therefore, Plaintiff's request for punitive

damages and attorneys' fees must be dismissed.

WHEREFORE, Defendant, CITY OF PLANTATION POLICE DEPARTMENT, requests

this Honorable Court to enter and Order dismissing Plaintiff's Complaint with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed via US Mail
this ⟨7th⟩ day of May, 2012, to: **Eric B. Ash, Esq.**, Shochet Law Group, LLP, 4897 Jog Road,
Greenacres, FL 33467.

JOHNSON, ANSELMO, MURDOCH
BURKE, PIPER & HOCHMAN, P.A.
Attorney for City of Plantation PD
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: 954-463-0100
Fax: 954-463-2444

By _____
E. BRUCE JOHNSON
FLA. BAR NO. 262137
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870

4

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 12-013149(13)

STEVEN PAUL JONES,

      Plaintiff,

vs.

CITY OF PLANTATION,

      Defendant.

_____/

## NOTICE OF CANCELLATION OF HEARING
(Sequence No. 13)

**YOU ARE HEREBY NOTIFIED** that the undersigned attorney hereby CANCELS the

hearing of:

| | | |
|---|---|---|
| **DATE** | : | Tuesday, July 30, 2013 |
| **TIME** | : | 8:45 a.m. |
| **JUDGE** | : | Honorable Judge William W. Huary, Jr. |
| **PLACE** | : | Broward County Courthouse<br>201 SE 6th Street, Room 1005A<br>Fort Lauderdale, Florida 33304 |
| **MATTER** | : | DEFENDANT, CITY OF PLANTATION'S, MOTION TO FOR FINAL ORDER OF DISMISSAL WITH PREJUDICE |

PLEASE GOVERN YOURSELVES ACCORDINGLY.

Movant hereby certifies that a bona fide effort to agree or to narrow the issues above has been made.



## CERTIFICATE OF SERVICE

I certify that a copy hereof has been served this ___day of July, 2013 via E-mail to **Randall Shochet, Esq.**, Shochet Law Group, LLP, 4897 Jog Road, Greenacres, FL 33467 and **Christopher J. Rush, Esq.**, Co-Counsel for Plaintiff, Rush & Associates, PA, 1880 N. Congress Ave., Suite 205, Boynton Beach, FL 33426; crush@crushlawfl.com, lmyers@crushlawfl.com ;rshochet@shochetlaw.com jasonrkaplan@sochetlaw.com cmtrombley@shochetlaw.com.

E. BRUCE JOHNSON
FLA. BAR NO. 262137
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870
Attorneys for City of Plantation
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:    (954) 463-0100
Facsimile:    (954) 463-2444
johnson@jambg.com
young@jambg.com

"In accordance with the Americans With Disabilities Act of 1990 (ADA), disabled persons who, because of their disabilities, need special accommodation to participate in this proceeding should contact the ADA coordinator at 201 S.E. 6th Street, Room 136, Fort Lauderdale, Florida, 33301 or telephone voice/tdd (954) 831-7721 not later than five (5) business days prior to such proceeding."



Sandi Blouin <blouin@jambg.com>

## Processing Completed for Filing # 3840685

1 message

**noreply@myflcourtaccess.com** <noreply@myflcourtaccess.com>          Thu, Jul 18, 2013 at 2:10 PM

Dear Christopher J Stearns:

This email verifies the processing of your Filing # 3840685 with the Broward County, Florida Circuit Civil Division.

Status: Accepted

Filing Date/Time: 07/18/2013 01:30:08 PM

Case Number: CACE-12-013149

Case Name: JONES, STEVEN PAUL VS CITY OF PLANTATIN POLICE DEPAR

Documents

| # | Document Type | Status | Filing Date | Rejection Reason | Your Attachment |
|---|---|---|---|---|---|
| 1 | All Notice of Cancellation | Accepted | 07/18/2013 | | Notice of Cancellation.PDF |

Fees

Memo:

This is a non-monitored email. Do not reply directly to it. If you have any questions about this filing, please contact the Broward County, Florida Circuit Civil Division.

Thank you.

Many counties no longer require paper follow-up. To see a complete list, click on this link.

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 12-013149(13)

STEVEN PAUL JONES,

      Plaintiff,

vs.

CITY OF PLANTATION,

      Defendant.

_____/

### **NOTICE OF HEARING**
(Sequence No. 13)

      YOU ARE HEREBY NOTIFIED that the undersigned will call up for hearing the

following matter(s):

| | | |
|---|---|---|
| **DATE** | : | Tuesday, July 30, 2013 |
| **TIME** | : | 8:45 a.m. |
| **JUDGE** | : | Honorable Judge William W. Huary, Jr. |
| **PLACE** | : | Broward County Courthouse<br>201 SE 6th Street, Room 1005A<br>Fort Lauderdale, Florida 33304 |
| **MATTER** | : | DEFENDANT, CITY OF PLANTATION'S, MOTION TO FOR<br>FINAL ORDER OF DISMISSAL WITH PREJUDICE |

PLEASE GOVERN YOURSELVES ACCORDINGLY.

Movant hereby certifies that a bona fide effort to agree or to narrow the issues above has been made.



2198334

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been served this __ day of July, 2013 via E-mail to **Randall**

**Shochet, Esq.**, Shochet Law Group, LLP, 4897 Jog Road, Greenacres, FL 33467 and **Christopher**

**J. Rush, Esq.**, Co-Counsel for Plaintiff, Rush & Associates, PA, 1880 N. Congress Ave., Suite 205,

Boynton    Beach,    FL    33426;    crush@crushlawfl.com,    lmyers@crushlawfl.com

;rshochet@shochetlaw.com jasonrkaplan@sochetlaw.com cmtrombley@shochetlaw.com.

E. BRUCE JOHNSON
FLA. BAR NO. 262137
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870
Attorneys for City of Plantation
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:     (954) 463-0100
Facsimile:     (954) 463-2444
johnson@jambg.com
young@jambg.com

"In accordance with the Americans With Disabilities Act of 1990 (ADA), disabled persons who, because of their disabilities, need special accommodation to participate in this proceeding should contact the ADA coordinator at 201 S.E. 6th Street, Room 136, Fort Lauderdale, Florida, 33301 or telephone voice/tdd (954) 831-7721 not later than five (5) business days prior to such proceeding."

## 17th Judicial Circuit

**Case Schedule Receipt:**

| | |
|---|---|
| **Sequence Number:** | 13 |
| **Judge Name:** | Haury, William W., Jr. |
| **Case Number:** | cace12013149 |
| **Schedule Date:** | 07/30/2013 |
| **Scheduling Attorney Name:** | Christopher, J., Stearns |
| **Motion Title:** | DEFENDANT, CITY OF PLANTATION'S, MOTION TO FOR FINAL ORDER OF DISMISSAL WITH PREJUDICE |
| **Case Entry Date:** | Fri Jul 12 16:05:27 EDT 2013 |

Print



Sandi Blouin <blouin@jambg.com>

# Processing Completed for Filing # 3698334

1 message

**noreply@myflcourtaccess.com** <noreply@myflcourtaccess.com>     Mon, Jul 15, 2013 at 10:36 AM

Dear Christopher J Stearns:

This email verifies the processing of your Filing # 3698334 with the Broward County, Florida Circuit Civil Division.

Status: Accepted

Filing Date/Time: 07/12/2013 04:29:25 PM

Case Number: CACE-12-013149

Case Name: JONES, STEVEN PAUL VS CITY OF PLANTATIN POLICE DEPAR

Documents

| # | Document Type | Status | Filing Date | Rejection Reason | Your Attachment |
|---|---|---|---|---|---|
| 1 | All Motion | Accepted | 07/12/2013 | | Motion for Final Order of Dismissal.PDF |
| 2 | All Notice of Hearing | Accepted | 07/12/2013 | | Notice of Hearing.PDF |

Fees

Memo:

This is a non-monitored email. Do not reply directly to it. If you have any questions about this filing, please contact the Broward County, Florida Circuit Civil Division.

Thank you.

Many counties no longer require paper follow-up. To see a complete list, click on this link.

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 12-013149(13)

STEVEN PAUL JONES,

      Plaintiff,

vs

CITY OF PLANTATION,

      Defendant.

_____/

### DEFENDANT, CITY OF PLANTATION'S,
### MOTION TO FOR FINAL ORDER OF DISMISSAL WITH PREJUDICE

Defendant, CITY OF PLANTATION ("City"), by and through its undersigned attorneys, and

pursuant to Rule 1.420(a), Fla.R.Civ.Proc., hereby moves this Honorable Court for the entry of a

Final Order of Dismissal of this action as against Defendant, and states as follows:

1.     Steven Paul Jones sued the City for an alleged false arrest.

2.     On January 22, 2013, the Court dismissed Count II of Plaintiff's First Amended

Complaint with prejudice, and dismissed Court I of Plaintiff's First Amended Complaint without

prejudice, permitting Plaintiff 20 days leave to file an amended complaint.  A copy of the Order is

attached hereto as Exhibit A.

3.     The 20-day deadline for Plaintiff to amend expired on Monday, February 11, 2013.

Plaintiff subsequently sought an additional 20-day extension to file the amended complaint.  The

City agreed.

4.     Again, Plaintiff failed to file his amended complaint.

5.     Pursuant to Rule 1.420(b), the Court may involuntary dismiss a proceeding for failing



to comply with a court order.

6.. Because Plaintiff failed to file an amended complaint in compliance with the Court's order, the City requests entry of a Final Order of Dismiss with Prejudice. A copy of a proposed Final Order is attached.

WHEREFORE, Defendant, CITY OF PLANTATION, respectfully requests entry of Final Order of Dismissal with Prejudice.

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been served this 1 day of July,013 via E-mail to **Randall Shochet, Esq.**, Shochet Law Group, LLP, 4897 Jog Road, Greenacres, Florida, and **Christopher J. Rush, Esq.**, Co-Counsel for Plaintiff, Rush & Associates, PA, 1880 N. Congress Avenue, Suite 205, Boynton Beach, Florida, crush@crushlawfl.com, lmyers@crushlawfl.com, rshochet@shochetlaw.com, jasonrkaplan@sochetlaw.com, cmtrombley@shochetlaw.com.

B. BRUCE JOHNSON
FLA. BAR NO. 262137
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870
Attorneys for City
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Facsimile:      (954) 463-2444
Telephone:      (954) 463-0100
johnson@jambg.com
young@jambg.com

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES,                            CASE NO. 12-013149(13)

     Plaintiff,

vs

CITY OF PLANTATION,

     Defendant.

_____/

## ORDER ON DEFENDANT, CITY OF PLANTATION'S, CORRECTED MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE

THIS CAUSE having come before the Court on the Defendant, City of Plantation's,

Corrected Motion to Dismiss First Amended Complaint with Prejudice, and the Court having heard

argument of counsel and being otherwise advised in the premises, it is

**ORDERED AND ADJUDGED** that said Motion be and the same is hereby _____

_Granted in part. as to Count I without prejudice._
_Plaintiff shall file an amended complaint within 30_
_days. Granted as to Count II with prejudice_
_as against Defendant City of Plantation_

**DONE AND ORDERED**, in Fort Lauderdale, Broward County, Florida, this ___ day of

_____, 2012.

William W. Haury, Jr.

JAN 2 2 2013

_____
CIRCUIT COURT JUDGE   A TRUE COPY
ROBERT ROSENBERG

cc:   Christopher J. Stearns, Esq.
      Randall Shochet, Esq.

**EXHIBIT**
A

RECEIVED

JAN 2 3 2013



Sandi Blouin <blouin@jambg.com>

# Processing Completed for Filing # 3698334

1 message

noreply@myflcourtaccess.com <noreply@myflcourtaccess.com>      Mon, Jul 15, 2013 at 10:36 AM

Dear Christopher J Stearns:

This email verifies the processing of your Filing # 3698334 with the Broward County, Florida Circuit Civil Division.

Status: Accepted

Filing Date/Time: 07/12/2013 04:29:25 PM

Case Number: CACE-12-013149

Case Name: JONES, STEVEN PAUL VS CITY OF PLANTATIN POLICE DEPAR

Documents

| # | Document Type | Status | Filing Date | Rejection Reason | Your Attachment |
|---|---|---|---|---|---|
| 1 | All Motion | Accepted | 07/12/2013 | | Motion for Final Order of Dismissal.PDF |
| 2 | All Notice of Hearing | Accepted | 07/12/2013 | | Notice of Hearing.PDF |

Fees

Memo:

This is a non-monitored email. Do not reply directly to it. If you have any questions about this filing, please contact the Broward County, Florida Circuit Civil Division.

Thank you.

Many counties no longer require paper follow-up. To see a complete list, click on this link.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES
    Plaintiff,

Case No: 12-013149    (13)

vs.

CITY OF PLANTATION
    Defendant.

_____/

## NOTICE OF UNAVAILABILITY

YOU ARE HEREBY NOTIFIED that Shochet Law Group files this Notice of Unavailability and states that Randall M. Shochet, Esq. will be unavailable from June 17, 2013 through June 28, 2013; and August 5, 2013 through August 12, 2013.  The undersigned requests that no appointments, trials, mediations, conferences, hearings or other legal proceedings be scheduled during that time.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to: E. Bruce Johnson, Esq. And Christopher Stearns, Esq., at 2455 E. Sunrise Blvd. #1000, Ft. Lauderdale, FL. 33304, johnson@jambg.com, stearns@jambg.com, and young@jambg.com; and Christopher J. Rush, Esq., Christopher J. Rush & Associates, P.A., 1880 N. Congress Ave., Suite 205, Boynton Beach, FL 33426, crush@crushlawfl.com and lmyers@crushlawfl.com, by ■ E-Mail ☐ delivery ☐ Mail ☐ Fax on June 17, 2013.

    /s/ Randall M. Shochet
    Randall M. Shochet, Esq.
    Fla. Bar No. 959421
    SHOCHET LAW GROUP
    Attorneys for Plaintiff
    4897 Jog Road
    Greenacres, FL 33467
    Telephone: 561-244-5308
    Facsimile: 561-253-2695
    Primary Email: Rshochet@shochetlaw.com
    Secondary Email: CMTrombley@shochetlaw.com

RECEIVED

JUN 17 2013

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES
    Plaintiff,

                                Case No: 12-013149    (13)

vs.

CITY OF PLANTATION,
    Defendant.

                            /

## NOTICE OF DESIGNATION OF E-MAIL ADDRESSES

    Pursuant to Fla. R. Jud. Adm. 2.516(b)(1)(A), the undersigned co-counsel for Plaintiff hereby designates the following e-mail addresses to be used for service of all court papers in this action:

    Primary Attorney: Christopher J. Rush, Esq.      Crush@crushlawfl.com

    Secondary Paralegal: Lynne Myers           Lmyers@crushlawfl.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy hereof has been furnished to: E. Bruce Johnson, Esq. And Christopher Stearns, Esq., at 2455 E. Sunrise Blvd. #1000, Ft. Lauderdale, FL. 33304, johnson@jambg.com, stearns@jambg.com, and young@jambg.com; and Randall M. Shochet, Esq., Shochet Law Group, 4897 S. Jog Road, Greenacres, FL 33467, rshochet@shochetlaw.com and cmtrombley@shochetlaw.com, by ▪ E-Mail ☐ delivery ☐ Mail ☐ Fax on _6 - 7____, 2013.

Christopher J. Rush, Esq.
Fla. Bar No. 621706
RUSH & ASSOCIATES, P.A.
Co-Counsel for Plaintiff
1880 N. Congress Ave., Suite 205
Boynton Beach, FL 33426
Telephone: 561-369-3331
Facsimile: 561-369-5902
Primary Email: crush@crushlawfl.com
Secondary Email: lmyers@crushlawfl.com

RECEIVED

JUN 0 7 2013

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES,
     Plaintiff,

Case No: 12-013149   (13)

vs.

CITY OF PLANTATION,
     Defendant.

_____/

## NOTICE OF APPEARANCE AS CO-COUNSEL FOR PLAINTIFF

YOU ARE HEREBY NOTIFIED that Christopher J. Rush, Esq. Of Rush & Associates,

P.A. hereby enters an appearance as co-counsel for Plaintiff, STEVEN PAUL JONES, and

requests to be copied on all court filings, correspondences, emails and all communications.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to: E. Bruce Johnson, Esq.
And Christopher Stearns, Esq., at 2455 E. Sunrise Blvd. #1000, Ft. Lauderdale, FL. 33304,
johnson@jambg.com, stearns@jambg.com, and young@jambg.com; and Randall M. Shochet,
Esq., Shochet Law Group, 4897 S. Jog Road, Greenacres, FL 33467, rshochet@shochetlaw.com
and cmtrombley@shochetlaw.com, by ■ E-Mail □ delivery □ Mail □ Fax on ___6 – 7___,
2013.

Christopher J. Rush, Esq.
Fla. Bar No. 621706
RUSH & ASSOCIATES, P.A.
Co-Counsel for Plaintiff
1880 N. Congress Ave., Suite 205
Boynton Beach, FL 33426
Telephone: 561-369-3331
Facsimile: 561-369-5902
Primary Email: crush@crushlawfl.com
Secondary Email: lmyers@crushlawfl.com

Page 1 of 1

RECEIVED

JUN 0 7 2013

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES,                          CASE NO. 12-013149(13)

      Plaintiff,

vs.

CITY OF PLANTATION,

      Defendant.

_____/

### NOTICE OF CANCELLATION OF DEPOSITION

**PLEASE TAKE NOTICE** that the undersigned attorney hereby cancels the deposition of

the Plaintiff, STEVEN PAUL JONES, scheduled for **Tuesday, March 19, 2013, at 10:00 a.m.,** at

Esquire Deposition Service, 515 East Las Olas Boulevard, Suite 1300, Fort Lauderdale, Florida,

33301.

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to **Randall
Shochet, Esq.,** rshochet@shochetlaw.com, jasonrkaplan@sochetlaw.com, and
cmtrombley@shochetlaw.com, Shochet Law Group, LLP, 4897 Jog Road, Greenacres, Florida,
33467, this _____ day of March, 2013, via E-mail.

                           _____

                           E. BRUCE JOHNSON
                           FLA. BAR NO. 262137
                           CHRISTOPHER J. STEARNS
                           FLA. BAR NO. 557870
                           Attorneys for City of Plantation
                           JOHNSON, ANSELMO, MURDOCH,
                           BURKE, PIPER & HOCHMAN, PA
                           2455 E. Sunrise Boulevard, Suite 1000
                           Fort Lauderdale, Florida 33304
                           Telephone:    (954) 463-0100
                           Facsimile:    (954) 463-2444
                           johnson@jambg.com
                           young@jambg.com

IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES

      Plaintiff,

Case No: 12-013149  (13)

vs.

CITY OF PLANTATION

      Defendant.

_____/

## PLAINTIFF'S *UNOPPOSED* MOTION FOR EXTENSION OF TIME

COMES NOW, Plaintiff, STEVEN PAUL JONES, by and through undersigned counsel, pursuant to Fla. R. Civ. P. 1.090(b), and states:

1.     Pursuant to the Court's January 22, 2013 Order on Defendant City of Plantation's Corrected Motion to Dismiss First Amended Complaint With Prejudice, a copy of which is attached hereto as **Exhibit "1,"** Plaintiff's amended complaint is due on or before February 11, 2013.

2.     Due to the undersigned's schedule, Plaintiff requests an extension up to and including February 26, 2013 to serve his amended complaint.

3.     This matter is not set for trial.

4.     The granting of this request will not prejudice the parties.

5.     The undersigned has conferred with Defendant's counsel and Defendant's counsel has no objection to the relief sought herein.

WHEREFORE, Plaintiff, STEVEN PAUL JONES, respectfully requests the entry of an order granting an extension until February 26, 2013 to serve an amended complaint.

Page 1 of 2

RECEIVED

FEB 0 6 2013

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to: E. Bruce Johnson, Esq. And Christopher Stearns, Esq., at 2455 E. Sunrise Blvd. #1000, Ft. Lauderdale, FL. 33304, johnson@jambg.com, stearns@jambg.com, and young@jambg.com by ■ E-Mail □ delivery □ Mail □ Fax on February _6__, 2013.

_____

Randal M. Shochet, Esq.
Fla. Bar No. 959421
SHOCHET LAW GROUP
Attorneys for Plaintiff
4897 Jog Road
Greenacres, FL 33467
Telephone: 561-244-5308
Facsimile: 561-253-2695
Primary Email: Rshochet@shochetlaw.com
Secondary Email: CMTrombley@shochetlaw.com

# EXHIBIT "1"

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES,

      Plaintiff,

vs

CITY OF PLANTATION,

      Defendant.

_____/

CASE NO. 12-013149(13)

## ORDER ON DEFENDANT, CITY OF PLANTATION'S, CORRECTED MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE

THIS CAUSE having come before the Court on the Defendant, City of Plantation's,

Corrected Motion to Dismiss First Amended Complaint with Prejudice, and the Court having heard

argument of counsel and being otherwise advised in the premises, it is

**ORDERED AND ADJUDGED** that said Motion be and the same is hereby _____

Granted in part. as to Count I without prejudice.
Plaintiff shall file an amended complaint within 20
days. Granted as to Count II with prejudice
as against Defendant City of Plantation.

**DONE AND ORDERED**, in Fort Lauderdale, Broward County, Florida, this ____ day of

_____, 2012.

William W. Haury, Jr.

JAN 2 2 2013

_____
CIRCUIT COURT JUDGE
ROBERT ROSENBERG

A TRUE COPY

cc:    Christopher J. Stearns, Esq.
       Randall Shochet, Esq.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES

   Plaintiff,        Case No: 12-013149   (13)

vs.

CITY OF PLANTATION

   Defendant.

_____/

## NOTICE OF UNAVAILABILITY

YOU ARE HEREBY NOTIFIED that Shochet Law Group files this Notice of Unavailability and
states:

  1.  Randall M. Shochet, Esq. will be unavailable from January 31, 2013 to February
4th; February 20-22nd; March 7-11th; April 11-15th; May 16-20th; and June 13-25th.

  2.  The undersigned requests that no appointments, mediations, conferences, hearings
or other legal proceedings be scheduled during that time.

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that a copy hereof has been furnished to: E. Bruce Johnson, Esq.

And Christopher Stearns, Esq., at 2455 E. Sunrise Blvd. #1000, Ft. Lauderdale, FL. 33304,

johnson@jambg.com, stearns@jambg.com, and young@jambg.com by ■ E-Mail ☐ delivery ☐

Mail ☐ Fax on January 15th, 2013.

       /s/ Randall M Shochet
       Randall M. Shochet, Esq.
       Fla. Bar No. 959421
       SHOCHET LAW GROUP
       Attorneys for Plaintiff
       4897 Jog Road
       Greenacres, FL 33467
       Telephone: 561-244-5308
       Facsimile: 561-253-2695
       Primary Email: Rshochet@shochetlaw.com
       Secondary Email: CMTrombley@shochetlaw.com

RECEIVED

JAN 2 9 2013

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES

     Plaintiff,

vs.

CITY OF PLANTATION

     Defendant.

_____/

Case No: 12-013149   (13)

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, WITH SUPPORTING MEMORANDUM OF LAW

COMES NOW, the Plaintiff, STEVEN PAUL JONES, by and through undersigned

counsel, who hereby opposes Defendant CITY OF PLANTATION's motion to dismiss, and

states as follows:

1.    A motion to dismiss is utilized to determine whether the complaint has alleged a

cause of action upon which relief can be granted. Provence v. Palm Beach Taverns, Inc., 676 So.

2d 1022, 1024 (Fla. 4th DCA 1996). A liberal construction must be accorded a complaint.

Messana v. Maule Industries, Inc., 50 So.2d 874 (Fla.1951).

2.    The ultimate question before a court in ruling on a motion to dismiss "is whether,

if the one making the allegations later proves them, he would thereby establish a cause of action

against the defendant. Thus, the motion must be decided on questions of law only, keeping to the

allegations contained within the complaint." See, e. g., Geer v. Bennett, 237 So.2d 311 (Fla. 4th

DCA 1970).

3.    When considering the merits of a motion to dismiss, a court is limited to the four

RECEIVED

JAN 15 2013

corners of the complaint. Fresh Capital Fin. Servs., Inc. v. Bridgeport Capital Servs., Inc., 891

So. 2d 1142, 1144 (Fla. 4th DCA 2005). The facts alleged in the complaint must be accepted as

true and all reasonable inferences must be drawn in favor of the pleader. Id.

4. "It is well settled that when a trial court considers a motion to dismiss it is limited

to the four corners of the complaint and the allegations in the complaint must be taken as true

without regard to the pleader's ability to prove them." Anson v. Paxson Communs. Corp., 736 So.

2d 1209, 1210 (Fla. 4th DCA 1999) (citing Provence v. Palm Beach Taverns, Inc., 676 So. 2d

1022 (Fla. 4th DCA 1996)).

5. For the purposes of a motion to dismiss for failure to state a cause of action,

allegations of the complaint are assumed to be true and all reasonable inferences arising

therefrom are allowed in favor of the plaintiff. Ralph v. Daytona Beach, 471 So. 2d 1, 2 (Fla.

1983).

## The Doctrine of Equitable Estoppel Bars Defendant from Asserting
## That the Amended Complaint Was Untimely Filed.

6. Equitable estoppel is based on principles of fair play and essential justice and

arises when one party lulls another party into a disadvantageous legal position: "Equitable

estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both

at law and in equity, from asserting rights which perhaps have otherwise existed, either of

property or of contract, or of remedy, as against another person, who has in good faith relied

upon such conduct and has been led thereby to change his position for the worse, and who on his

part acquires some corresponding right, either of property, or of contract or of remedy." The

doctrine of estoppel is applicable in all cases where one, by word, act or conduct, willfully caused

another to believe in the existence of a certain state of things, and thereby induces him to act on

this belief injuriously to himself, or to alter his own previous condition to his injury. State ex rel.

Watson v. Gray, 48 So. 2d 84, 87-88 (Fla. 1950) (quoting 3 Pomeroy's Equity Jurisprudence §

804 (5th ed. 1941)).

      7.     In 2001, the Florida Supreme Court, in Major League Baseball v. Morsani, 790

So. 2d 1071 (Fla. 2001), stated:

> Equitable estoppel differs from other legal theories that may
> operate to deflect the statute of limitations, such as accrual, tolling,
> equitable tolling, and waiver. Equitable estoppel presupposes a
> legal shortcoming in a party's case that is directly attributable to
> the opposing party's misconduct. The doctrine bars the wrongdoer
> from asserting that shortcoming and profiting from his or her own
> misconduct. Equitable estoppel thus functions as a shield, not a
> sword, and operates against the wrongdoer, not the victim. This
> Court has applied the doctrine for more than a century and a half

Major League Baseball v. Morsani, 790 So. 2d 1071, 1076-1077 (Fla. 2001).

      8.     In 2002, the Florida Supreme Court, in Fla. Dep't of Health & Rehabilitative

Servs. v. S.A.P., 835 So. 2d 1091 (Fla. 2002), expounded further on the doctrine of equitable

estoppel as it specifically relates to the statute of limitations in Fla. Stat. Section 768.28:

> It is well settled in Florida and other jurisdictions that the statutes
> of limitation can be deflected by the doctrine of equitable estoppel.
> This proposition is supported by vast precedent from this Court,
> Florida district courts of appeal, and federal courts. HRS asserts
> that, despite this precedent, the statute of limitations in section
> 768.28(13) is somehow different from all other statutes of
> limitation in that it applies only to suits filed against the State as
> opposed to private persons. We find this claim disingenuous in
> light of the plain language of section 768.28(1), which provides that
> the State consents to be sued "in accordance with the general laws
> of this state" for any tort in which "a private person would be liable
> to the claimant." This consent, we conclude, evinces an
> unequivocal intent on the part of the State to abide by the

traditional laws--including the equitable canons--governing tort
actions in any claim filed under section 768.28.

Fla. Dep't of Health & Rehabilitative Servs. v. S.A.P., 835 So. 2d 1091, 1097-1098 (Fla. 2002).

9.      The equitable estoppel doctrine has frequently been employed to bar inequitable

reliance on a statute of limitations. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 3 L.

Ed. 2d 770, 79 S. Ct. 760 (1959). A party will be estopped from asserting the statute of limitations

defense to an admittedly untimely action where his conduct has induced another into forbearing

suit within the applicable limitations period. Bomba v. W. L. Belvidere, Inc., 579 F.2d 1067, 1070

(7th Cir. 1978). Like the application of equitable estoppel in federal courts, the application of

equitable tolling has been applied in Florida when a plaintiff has been misled or lulled into

inaction and has in some extraordinary way been prevented from asserting his rights. Machules v.

Department of Administration, 523 So. 2d 1132, 1134 (Fla. 1988).

10.     In Major League Baseball, the Florida Supreme Court discussed the fundamental

purposes served by the statute of limitations and the doctrine of equitable estoppel:

> The fundamental purposes served by the statute of limitations and
> the doctrine of equitable estoppel are congruent. As noted above, a
> main purpose of the statute of limitations is to protect defendants
> from unfair surprise and stale claims. A prime purpose of the
> doctrine of equitable estoppel, on the other hand, is to prevent a
> party from profiting from his or her wrongdoing. Logic dictates
> that a defendant cannot be taken by surprise by the late filing of a
> suit when the defendant's own actions are responsible for the
> tardiness of the filing. Major League Baseball, 790 So. 2d at 1078
> (footnote omitted).

11.     Section 768.28(13) and the doctrine of equitable estoppel work hand in hand to

achieve a common goal--the preservation of a viable and fair legal system. Fla. Dep't of Health &

Rehabilitative Servs. v. S.A.P., 835 So. 2d 1091, 1098-1099 (Fla. 2002).

12.    Plaintiff alleges in his complaint that the Defendant was negligent in that the Defendant failed to include in the probable cause affidavit the following facts:

a.    The fact that the child witnesses made contradictory statement regarding the identification of the Plaintiff as the perpetrator;

b.    The fact that two other witnesses refused to identify the Plaintiff as the perpetrator;

c.    The fact that there was another suspect who was a registered sex offender who was similar in appearance to the Plaintiff and this was known to the Defendant at this time;

d.    The fact that the tip that the Plaintiff was the perpetrator came from the Mother of the Plaintiff's girlfriend and that the mother was friends with the investigating officer;

e.    The fact that the investigating officer conducted this investigation and these types of investigation was not part of his regular duties at the time;

f.    The fact that a photo of the registered sex offender was not included in the photo line up; and

g.    The fact that the Defendant used a driver's license photo of the Plaintiff in the photo lineup while all the other photos in the lineup were booking photos making the Plaintiff's photo stand out from the other photos.

13.    Plaintiff further alleges in his complaint that the Defendant was also negligent in that as a result of the Defendant's actions and omissions, the Plaintiff was falsely imprisoned, maliciously prosecuted and not released until August of 2009 when the State Attorney's Office of Broward County, Florida nolle prossed all charges.

14.    Thus, taking the factual allegations in the Plaintiff's amended complaint as true, a

reasonable inference is that the Defendant's acts and omissions were concealed from the Plaintiff during the 18 months he was imprisoned, and that such term of imprisonment constitutes an extraordinary way for the Defendant to prevent the Plaintiff from asserting his rights, by concealing its misdeeds by effectively preventing the discovery of their acts and omissions in filing a false probable cause affidavit.

15.     Therefore, construing such reasonable inferences in his favor, the doctrine of equitable estoppel bars Defendant from asserting that the complaint was untimely filed, where, as here, Defendant's own actions are responsible for the tardiness of the filing.

16.     Section 768.28(13) is a conventional statute of limitations, nothing more; it is not a statute of repose that forecloses all forms of equitable relief. The law of this State does not bestow upon the City of Plantation a special boon to falsely arrest its citizens due to a false probable cause affidavit, and then incarcerate the person arrested, thereby concealing its misdeeds by effectively preventing the discovery of their acts and omissions in filing a false probable cause affidavit, and then to invoke section 768.28(13) as a shield for its actions.

**Attorney's Fees May Be Awarded under Section 768.28.**

17.     In City of Live Oak v. Harris, 702 So. 2d 276 (Fla. 1st DCA 1997), the First DCA, citing the Fifth DCA, held:

> As the court recognized in Hellmann v. City of Orlando, 634 So. 2d 245, 246 (Fla. 5th DCA 1994), "the government controls absolutely how much it will pay in tort claim cases." Section 768.28(8) governs the award of fees against the sovereign in tort cases, and "we are bound by the statute limiting the award of attorney's fees." Id.

City of Live Oak v. Harris, 702 So. 2d 276, 277 (Fla. 1st DCA 1997).

## Conclusion

Based on the above, Defendant's motion should be denied. Where, as here, a motion to dismiss is directed to the entire pleading, and any counts or alternative cause of action alleged is sufficient, the motion should be denied. Steigman v. Danese, 502 So.2d 463 (Fla. 1st DCA 1987) pet. rev. den. 511 So.2d 998, overruled on other grounds, 589 So.2d 225.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to: E. Bruce Johnson, Esq. And Christopher Stearns, Esq., at 2455 E. Sunrise Blvd. #1000, Ft. Lauderdale, FL. 33304, johnson@jambg.com, stearns@jambg.com, and young@jambg.com by ■ E-Mail □ delivery □ Mail □ Fax on January 15th, 2013.

Randall M. Shochet, Esq.
Fla. Bar No. 959421
SHOCHET LAW GROUP
Attorneys for Plaintiff
4897 Jog Road
Greenacres, FL 33467
Telephone: 561-244-5308
Facsimile: 561-253-2695
Primary Email: Rshochet@shochetlaw.com
Secondary Email: CMTrombley@shochetlaw.com

Page 7 of 7

32188

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES,

      Plaintiff,

vs.

CITY OF PLANTATION,

      Defendant.

_____/

CASE NO. 12-013149(13)

## NOTICE OF TAKING DEPOSITION
(Coordinated with Plaintiff's Counsel)

PLEASE TAKE NOTICE that the undersigned attorney will take the deposition of the

Plaintiff, STEVEN PAUL JONES, on **Tuesday, March 19, 2013, at 10:00 a.m.**, at Esquire

Deposition Service, 515 East Las Olas Boulevard, Suite 1300, Fort Lauderdale, Florida, 33301, upon

oral examination before *ESQUIRE DEPOSITION SERVICES*, Court Reporters and Notary Public

or any other Notary Public or officer authorized by law to take depositions in the State of Florida.

The oral examination will continue from day to day until completed. The deposition is being taken

for the purpose of discovery, for use at trial, or is being taken for such other purposes as are

permitted under the Rules of Court.

Said deposition will be taken pursuant to the Florida Rules of Civil Procedure in such cases

provided. The said oral examination will continue from hour to hour and from day to day until

completed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to **Randall Shochet, Esq.,** rshochet@shochetlaw.com, jasonrkaplan@sochetlaw.com, and cmtrombley@shochetlaw.com, Shochet Law Group, LLP, 4897 Jog Road, Greenacres, Florida, 33467, this _____ day of January, 2013, via E-mail.

E. BRUCE JOHNSON
FLA. BAR NO. 262137
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870
Attorneys for City of Plantation
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:     (954) 463-0100
Facsimile:      (954) 463-2444
johnson@jambg.com
young@jambg.com

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES,                          CASE NO. 12-013149(13)

      Plaintiff,

vs.

CITY OF PLANTATION,

      Defendant.

_____/

## RE-NOTICE OF HEARING
(Cancelling 11/20/12 Hearing - Special Set 15 Minutes)

YOU ARE HEREBY NOTIFIED that the undersigned will call up for hearing the

following matter(s):

| | | |
|---|---|---|
| **DATE** | : | Tuesday, January 22, 2013 |
| **TIME** | : | 10:45 a.m. |
| **JUDGE** | : | Honorable Judge Robert Rosenberg |
| **PLACE** | : | Broward County Courthouse<br>201 SE 6th Street, Room822C<br>Fort Lauderdale, Florida 33304 |
| **MATTER** | : | **Defendant, City of Plantation's, Corrected Motion to Dismiss First Amended Complaint With Prejudice** |

PLEASE GOVERN YOURSELVES ACCORDINGLY.

Movant hereby certifies that a bona fide effort to agree or to narrow the issues above has been made.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to **Randall**

**Shochet, Esq.,** rshochet@shochetlaw.com, jasonrkaplan@sochetlaw.com, and

cmtrombley@shochetlaw.com. Shochet Law Group, LLP, 4897 Jog Road, Greenacres, Florida,

33467, this _____ day of November, 2012.

E. BRUCE JOHNSON
FLA. BAR NO. 262137
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870
Attorneys for City of Plantation
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:    (954) 463-0100
Facsimile:    (954) 463-2444
johnson@jambg.com
young@jambg.com

"In accordance with the Americans With Disabilities Act of 1990 (ADA), disabled persons who, because of their disabilities, need special accommodation to participate in this proceeding should contact the ADA coordinator at 201 S.E. 6th Street, Room 136, Fort Lauderdale, Florida, 33301 or telephone voice/tdd (954) 831-7721 not later than five (5) business days prior to such proceeding."

## 17th Judicial Circuit

**Case Schedule Receipt:**

| | |
|---|---|
| **Schedule Date and Time:** | 01/22/2013  -  10:45 - 11:00 |
| **Judge Name:** | Rosenberg, Robert A. |
| **Case Number:** | cace12013149 |
| **Schedule Date:** | 01/22/2013 |
| **Scheduling Attorney Name:** | Christopher, J., Stearns   Scheduled BY: |
| **Phone Number:** | 954-463-2444 |
| **Motion Title:** | Defendant, City of Plantation's, Corrected Motion to Dismiss First Amended Complaint With Prejudice |
| **Case Entry Date:** | Fri Nov 16 10:47:44 EST 2012 |

Print

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

Case No: 12-013149   (13)

STEVEN PAUL JONES

     Plaintiff,

vs.

CITY OF PLANTATION,

     Defendant.

_____/

## NOTICE OF DESIGNATION OF E-MAIL ADDRESSES

    Pursuant to Fla. R. Jud. Adm. 2.516(b)(1)(A), the undersigned counsel for Plaintiff hereby designates the following e-mail addresses to be used for service of all court papers in this action:

    Primary Attorney: Randall M. Shochet, Esq.     Rshochet@ShochetLaw.com

    Secondary Attorney: Jason R. Kaplan, Esq.     JasonRKaplan@SochetLaw.com

    Secondary Paralegal: Christine M. Trombley     CMTrombley@ShochetLaw.com

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the forgoing was furnished, by U.S. Mail, to E. Bruce Johnson, Esq., at Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, PA., 2455 E. Sunrise Blvd., Suite 1000, Ft. Lauderdale, FL 33304 on this 2?ᵗʰ day of August, 2012.

_____

Randall M. Shochet, Esq.
Florida Bar No.: 959421
4897 Jog Road
Greenacres, Florida 33467
Telephone: (561) 244-5308
Facsimile: (561) 253-2695

RECEIVED
SEP 0 4 2012

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES,

CASE NO. 12-013149(13)

     Plaintiff,

vs.

CITY OF PLANTATION,

     Defendant.

_____/

## NOTICE OF HEARING
(Special Set - 15 Minutes)

     YOU ARE HEREBY NOTIFIED that the undersigned will call up for hearing the

following matter(s):

| | | |
|---|---|---|
| **DATE** | : | Tuesday, November 20, 2012 |
| **TIME** | : | 10:30 a.m. |
| **JUDGE** | : | Honorable Judge Robert Rosenberg |
| **PLACE** | : | Broward County Courthouse 201 SE 6th Street, Room822C Fort Lauderdale, Florida 33304 |
| **MATTER** | : | **Defendant, City of Plantation's, Corrected Motion to Dismiss First Amended Complaint With Prejudice** |

     PLEASE GOVERN YOURSELVES ACCORDINGLY.

Movant hereby certifies that a bona fide effort to agree or to narrow the issues above has been made.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S.

mail to **Randall Shochet, Esq.**, Shochet Law Group, LLP, 4897 Jog Road, Greenacres, Florida,

33467, this ⟨27⟩ day of August, 2012.

JOHNSON, ANSELMO, MURDOCH
BURKE, PIPER & HOCHMAN, P.A.
Attorney for City of Plantation PD
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: 954-463-0100
Fax: 954-463-2444

By _____
E. BRUCE JOHNSON
FLA. BAR NO. 262137
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870

"In accordance with the Americans With Disabilities Act of 1990 (ADA), disabled persons who, because of their disabilities, need special accommodation to participate in this proceeding should contact the ADA coordinator at 201 S.E. 6th Street, Room 136, Fort Lauderdale, Florida, 33301 or telephone voice/tdd (954) 831-7721 not later than five (5) business days prior to such proceeding."

# 17th Judicial Circuit

| | |
|---|---|
| **Case Schedule Receipt:** | |
| **Schedule Date and Time:** | 11/20/2012  -  10:30 - 10:45 |
| **Judge Name:** | Rosenberg, Robert A. |
| **Case Number:** | cace12013149 |
| **Schedule Date:** | 11/20/2012 |
| **Scheduling Attorney Name:** | Christopher, J., Stearns   Scheduled BY: |
| **Phone Number:** | 954-463-0100 |
| **Motion Title:** | Defendant, City of Plantation's, Corrected Motion to Dismiss First Amended Complaint With Prejudice |
| **Case Entry Date:** | Mon Aug 27 13:48:18 EDT 2012 |

Print

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES,                          CASE NO. 12-013149(13)

      Plaintiff,

vs.

CITY OF PLANTATION,

      Defendant.

_____/

## RE-NOTICE OF HEARING
(Cancelling 08/14/12 Hearing  - Online Sequence No. 10)

      YOU ARE HEREBY NOTIFIED that the undersigned will call up for hearing the following matter(s):

| | | |
|---|---|---|
| **DATE** | : | Monday, August 27, 2012 |
| **TIME** | : | 8:45 a.m. |
| **JUDGE** | : | Honorable Judge Robert Rosenberg |
| **PLACE** | : | Broward County Courthouse<br>201 SE 6th Street, Room822C<br>Fort Lauderdale, Florida 33304 |
| **MATTER** | : | **Defendant, City of Plantation's, Corrected Motion to Dismiss First Amended Complaint With Prejudice** |

      PLEASE GOVERN YOURSELVES ACCORDINGLY.

Movant hereby certifies that a bona fide effort to agree or to narrow the issues above has been made.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail to **Randall Shochet, Esq.**, Shochet Law Group, LLP, 4897 Jog Road, Greenacres, Florida, 33467, this _3rd_ day of August, 2012.

JOHNSON, ANSELMO, MURDOCH
BURKE, PIPER & HOCHMAN, P.A.
Attorney for City of Plantation PD
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: 954-463-0100
Fax: 954-463-2444

By _____
     E. BRUCE JOHNSON
     FLA. BAR NO. 262137
     CHRISTOPHER J. STEARNS
     FLA. BAR NO. 557870

"In accordance with the Americans With Disabilities Act of 1990 (ADA), disabled persons who, because of their disabilities, need special accommodation to participate in this proceeding should contact the ADA coordinator at 201 S.E. 6th Street, Room 136, Fort Lauderdale, Florida, 33301 or telephone voice/tdd (954) 831-7721 not later than five (5) business days prior to such proceeding."

# 17th Judicial Circuit

**Case Schedule Receipt:**

| | |
|---|---|
| **Sequence Number:** | 10 |
| **Judge Name:** | Rosenberg, Robert A. |
| **Case Number:** | CACE12013149 |
| **Schedule Date:** | 08/27/2012 |
| **Scheduling Attorney Name:** | Christopher, Stearns, J., Jr. |
| **Motion Title:** | Defendant, City of Plantation's, Corrected Motion to Dismiss First Amended Complaint With Prejudice |
| **Case Entry Date:** | 2012-08-02 08:53:31.581000 |

Print

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 12-013149(13)

STEVEN PAUL JONES,

      Plaintiff,

vs.

CITY OF PLANTATION,

      Defendant.

_____/

**NOTICE OF HEARING**
(Scheduled Online-Seq.6)

      YOU ARE HEREBY NOTIFIED that the undersigned will call up for hearing the following matter(s):

| | | |
|---|---|---|
| **DATE** | : | August 14, 2012 |
| **TIME** | : | 8:45 a.m. |
| **JUDGE** | : | Honorable Judge Robert Rosenberg |
| **PLACE** | : | Broward County Courthouse, 201 SE 6th Street, Room822C, Fort Lauderdale, FL 33304; 954-831-6021 |
| **MATTER** | : | **Defendant, City of Plantation's, Corrected Motion to Dismiss First Amended Complaint With Prejudice** |

PLEASE GOVERN YOURSELVES ACCORDINGLY.
[Movant hereby certifies that a bona fide effort to agree or to narrow the issues above has been made.]

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed via US Mail this 10th day of July, 2012, to: **Randall Shochet, Esq.**, Shochet Law Group, LLP, 4897 Jog Road, Greenacres, FL 33467.

JOHNSON, ANSELMO, MURDOCH
BURKE, PIPER & HOCHMAN, P.A.
Attorney for City of Plantation PD
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: 954-463-0100
Fax: 954-463-2444

By _____
    E. BRUCE JOHNSON
    FLA. BAR NO. 262137
    CHRISTOPHER J. STEARNS
    FLA. BAR NO. 557870

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 12-013149(13)

STEVEN PAUL JONES,

     Plaintiff,

vs

CITY OF PLANTATION,

     Defendant.

_____/

## NOTICE OF FILING DESIGNATION OF EMAIL ADDRESSES

Defendant, CITY OF PLANTATION, by and through undersigned counsel, files this Notice

of Filing Designation of Email Addresses, pursuant to the Supreme Court decision SC 10-2101

regarding the mandatory Email Service Rule and hereby designates the following email addresses

for the purpose of receiving pleadings beginning September 1, 2012:

     PRIMARY:     johnson@jambg.com

     SECONDARY:     young@jambg.com

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to **Randall Shochet, Esq.**, Shochet Law
Group, LLP, 4897 Jog Road, Greenacres, FL 33467, this 20 day of July, 2012 via E-mail/ Hand-
Delivery/ U.S. Mail/ Facsimile.

E. BRUCE JOHNSON
FLA. BAR NO. 262137
Attorneys for City
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: 954-463-0100
Fax: 954-463-2444
johnson@jambg.com/young@jambg.com

RECEIVED MAY 2 9 2012

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

Case No:   2012-029
Division:

STEVEN PAUL JONES

     Plaintiff,

vs.

CITY OF PLANTATION POLICE DEPARTMENT

     Defendant.

_____/

## AMENDED NOTICE OF UNAVAILABILITY

     YOU ARE HEREBY NOTIFIED that the undersigned files this Amended Notice of

Unavailability and states as follows:

     1.     The undersigned will be unavailable from May 21 - 31, June 5 - 19, July 9-10,

August 3 - 13, September 13-15 and October 15-19 of this year.

     2.     The undersigned requests that no appointments, mediations, conferences, hearings

or other legal proceedings be scheduled during that time.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true copy of the foregoing was sent to via ☑ U.S. Mail, ☒

Facsimile, ☒ E-Mail ☐ Overnight Mail upon the City of Plantation, Florida,  this 24th day of

May, 2012.

     For     Randall M. Shochet, Esq.
     Florida Bar No.: 959421
     4897 Jog Road
     Greenacres, Florida 33467
     Telephone: (561) 244-5308
     Facsimile: (561) 253-2695

RECEIVED JUN 0 1 2012

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 12-013149(13)

STEVEN PAUL JONES,

    Plaintiff,

vs

CITY OF PLANTATION
POLICE DEPARTMENT,

    Defendant.

_____/

**NOTICE OF HEARING**
(Scheduled Online-Seq.1)

    YOU ARE HEREBY NOTIFIED that the undersigned will call up for hearing the following matter(s):

| | | |
|---|---|---|
| **DATE** | : | June 28, 2012 |
| **TIME** | : | 8:45 a.m. |
| **JUDGE** | : | Honorable Judge Robert Rosenberg |
| **PLACE** | : | Broward County Courthouse, 201 SE 6th Street, Room822C, Fort Lauderdale, FL 33304; 954-831-6021 |
| **MATTER** | : | **Defendant, City of Plantation Police Department's Motion to Dismiss With Prejudice** |

PLEASE GOVERN YOURSELVES ACCORDINGLY.
[Movant hereby certifies that a bona fide effort to agree or to narrow the issues above has been made.]

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed via US Mail this 17th day of May, 2012, to: **Eric B. Ash, Esq.**, Shochet Law Group, LLP, 4897 Jog Road, Greenacres, FL 33467.

JOHNSON, ANSELMO, MURDOCH
BURKE, PIPER & HOCHMAN, P.A.
Attorney for City of Plantation PD
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: 954-463-0100
Fax: 954-463-2444

By _____
    E. BRUCE JOHNSON
    FLA. BAR NO. 262137
    CHRISTOPHER J. STEARNS
    FLA. BAR NO. 557870

# 17th Judicial Circuit

| | |
|---|---|
| **Case Schedule Receipt:** | |
| **Sequence Number:** | 1 |
| **Judge Name:** | Rosenberg, Robert A. |
| **Case Number:** | cace12013149 |
| **Schedule Date:** | 06/28/2012 |
| **Scheduling Attorney Name:** | Edmund, Bruce, Johnson |
| **Motion Title:** | Defendant, City of Plantation Police Department's, Motion to Dismiss With Prejudice |
| **Case Entry Date:** | Thu May 17 09:38:23 EDT 2012 |
| | Print |

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

STEVEN PAUL JONES,                          CASE NO. 12-013149(13)

     Plaintiff,

vs

CITY OF PLANTATION,

     Defendant.

_____/

## ORDER ON DEFENDANT, CITY OF PLANTATION'S, CORRECTED
## MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE

THIS CAUSE having come before the Court on the Defendant, City of Plantation's,

Corrected Motion to Dismiss First Amended Complaint with Prejudice, and the Court having heard

argument of counsel and being otherwise advised in the premises, it is

ORDERED AND ADJUDGED that said Motion be and the same is hereby _____

*Granted in part, as to Count I without prejudice.
Plaintiff shall file an amended complaint within 20
days. Granted as to Count II with prejudice
as against Defendant City of Plantation*

DONE AND ORDERED, in Fort Lauderdale, Broward County, Florida, this _____ day of
William W. Haury, Jr.

_____, 2012.

JAN 2 2 2013

_____
CIRCUIT COURT JUDGE   A TRUE COPY
ROBERT ROSENBERG

cc:    Christopher J. Stearns, Esq.
       Randall Shochet, Esq.

RECEIVED

JAN 2 3 2013