United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Steven Paul Jones, Plaintiff | ) |
| v. | ) ) ) |
| City of Plantation Police Department, City of Plantation, Tom Butt, and Shawn Burst, Defendants | ) ) ) ) Civil Action No. 13-61854-Civ-Scola |

## **Order Granting Defendants' Motion For Summary Judgment**

Steven Jones sues Tom Butt and Shawn Burst (former employees of the City of Plantation Police Department) for malicious prosecution, under both Florida and federal law. To prove his claims for malicious prosecution, Jones must establish that Detective Butt and Officer Burst initiated a criminal prosecution against him without probable cause. While investigating a report that a man exposed his genitals to a group of children in February 2008, Detective Butt obtained a composite sketch of the perpetrator. Officer Burst told Detective Butt that the sketch resembled Jones and that Jones's girlfriend found a young girl's underwear in their laundry (although they did not have a child). Detective Butt also learned that a victim of a similar incident in the same neighborhood identified Jones as the perpetrator. Detective Butt determined that Jones looked like the composite sketch given by a victim of the second incident. Given these facts and circumstances, Detective Butt had probable cause to institute a criminal action against Jones. Based on his limited involvement, Officer Burst did not initiate the criminal prosecution against Jones, but even if he had, there was probable cause to do so.

1. **A court must grant summary judgment if there are no genuine disputes as to any material facts and one party is entitled to judgment as a matter of law.**

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual

inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323–24. The nonmovant's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the nonmoving party. *Id.*

## 2. To maintain a claim for malicious prosecution, Jones must establish that Detective Butt did not have probable cause to commence or continue a criminal prosecution.

To prevail in a malicious prosecution action, a plaintiff must establish that the defendant commenced or continued a criminal prosecution against the plaintiff, that there was no probable cause to justify the criminal prosecution, that the criminal prosecution was ultimately terminated in favor of the plaintiff, and that the plaintiff was damaged by the criminal prosecution. *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994). A federal malicious-prosecution claim, under 42 U.S.C. § 1983, has the same elements as the state-law tort. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). "Probable cause to arrest a person exists when reasonably trustworthy facts and circumstances lead a prudent person to believe that an individual has violated the law, is violating the law, or will violate the law." *Id.* at 1226. A court determines the existence of probable cause based upon undisputed facts (although a jury must determine the existence of facts in dispute). *Mancusi*, 632 So. 2d at 1357.

**3. Based on the undisputed evidence, Detective Butt had probable cause to maintain the criminal prosecution against Jones—thus Detective Butt is entitled to judgment as a matter of law.**

These facts are not in dispute:

- On February 2, 2008, the Plantation Police Department received a report that a white male exposed his genitals to three young children, and forced one of the children to fondle him, at an apartment complex located at 10717 Cleary Boulevard, Plantation, Florida. (*See* Pl.'s Resp. Stmt. Facts ¶ 7, ECF No. 85; Incident Report 2, ECF No. 84-5.) This event is referred to as the apartment-complex incident. (Kendall Decl. ¶ 2, ECF No. 94-7.)

- Previously, on November 27, 2007, the Plantation Police Department had received a report of another event where a man had exposed himself to a group of children waiting at a school-bus stop at the 10800 block of Cleary Boulevard, Plantation, Florida. (*See* C.G. Sworn Stmt. 1, ECF No. 87-3.) This event is referred to as the bus-stop incident. (Kendall Decl. ¶ 4, ECF No. 94-7.)

- On February 7, 2008, one of the victims of the apartment-complex incident, M.L., provided a description of the perpetrator to the police department, from which the police prepared a composite sketch. (Butt Decl. ¶ 7, ECF No. 68-1.)

    - Although Jones purports to dispute this fact, the evidence he cites does not actually dispute it. Jones cites to evidence that explains that M.L.'s description of the perpetrator was based on his review of sexual offenders on the FDLE website and his explanation that the perpetrator in the apartment-complex incident looked like a known sexual offender (David Pemberton). (*See* Pl.'s Resp. Stmt. Facts ¶ 11, ECF No. 85; Forensic Artist Report, ECF No. 86-6; Hr'g Tr. (Butt Test.) 29:17–30:24, June 5, 2008, ECF No. 86-7.) This evidence does not dispute the statement that M.L., provided a description of the perpetrator to the police department, from which the police prepared a composite sketch—it merely explains the process.

- On February 12, 2008, Officer Burst reported to Detective Butt that he had seen the composite sketch of the perpetrator of the apartment-complex incident, and that the sketch looked like Jones. (Defs.' Stmt. Facts ¶ 14, ECF No. 67; Butt Decl. ¶ 10, ECF No. 68-1.) Officer Burst was familiar with Jones because he patrolled Jones's neighborhood. (Burst Decl. ¶ 4, ECF No. 68-5.) A comparison of the composite sketch to Jones's driver's license photograph supports this identification.



   o Although Jones purports to dispute when Officer Burst spoke with Detective Butt about the identification, the evidence he cites does not reveal a material issue in dispute. Jones argues that Officer Burst may have communicated the identification to Detective Butt before February 12, 2008. (*See* Pl.'s Resp. Stmt. Facts ¶ 14, ECF No. 85; Butt Dep. 163:4–14, Apr. 18, 2014, ECF No. 81-1.) "An issue of fact is material if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir.2004). Whether Officer Burst spoke with Detective Butt on February 10 or February 12 would not affect the outcome of this case, so this is not a material issue in dispute.

- Officer Burst also informed Detective Butt that Jones had been a suspect in numerous incidences of peeping into little girls' windows, and that Jones had previously been arrested for loitering, prowling, and burglary. (Defs.' Stmt. Facts ¶ 15, ECF No. 67; *accord* Pl.'s Resp. Stmt. Facts ¶ 15, ECF No. 85 ("Undisputed").)

- Officer Burst told Detective Butt that Jones resided in the Lakes at Jacaranda apartment complex. (Def.s' Stmt. Facts ¶ 16, ECF No. 67.) The apartment-complex incident occurred at the Lakes at Jacaranda apartments, located at 10717 Clearly Boulevard, Plantation, Florida. (*Id.* ¶ 4.) The bus-stop incident occurred less than a half mile away, at the 10800 block of Cleary Boulevard, Plantation, Florida. (*Id.* ¶ 3.) The Court takes judicial notice that the distance between the bus-stop incident and the apartment-complex incident is less than a half mile. *Cf. Munson S.S. Lines v. Newman*, 24 F.2d 416, 417 (5th Cir. 1928) (taking judicial notice of the distance between two cities).

- Officer Burst also informed Detective Butt that Jones's girlfriend's mother, Lynda Van Brock, told Officer Burst that Jones's girlfriend thought Jones looked like the composite sketch of the perpetrator of the apartment-complex incident, that Jones's girlfriend had found a young girl's underwear in their laundry (although they did not have a child), and that Jones lived adjacent to the scene of both the apartment-complex incident and the bus-stop incident. (Butt Decl. ¶ 10, ECF No. 68-1.)

    o The Court has not considered the statement that Van Brock also believed that the composite sketch looked like Jones because Jones has fairly disputed that Van Brock saw the composite sketch before she spoke with Officer Burst (*i.e.* prior to Detective Butt arresting Jones). (Pl.'s Resp. Stmt. Facts ¶ 16, ECF No. 85; Van Brock Dep. 161:6–15, Nov. 4, 2014, ECF No. 87-1.) However, Van Brock later confirmed she thought the composite sketch looked like Jones. (Van Brock Dep. 145:18–146:3, ECF No. 87-1.)

    o Jones attempts to dispute the fact that Van Brock told Officer Burst that her daughter (Jones's girlfriend) found a young girl's underwear in their laundry. Jones argues that the laundry where his girlfriend discovered the young girl's underwear was washed in a public washing machine. (Pl.'s Resp. Stmt. Facts ¶ 16, ECF No. 85.) The Court has limited Van Brock's statement to the fact that she reported to the police that her daughter found young girl's underwear *in their laundry*. (Pl.'s Resp. Stmt. Facts ¶ 16, ECF No. 85; Van Brock Dep. 147:14–20, ECF No. 87-1.) But Jones fails to cite to any evidence to support his contention that Van Brock informed the police that the laundry that Jones's girlfriend found the young girl's underwear in was a public washing machine. (*See*

> Van Brock Dep. 146:7–147:20, ECF No. 87-1.) Still, even if Van Brock had told Officer Burst that Jones's girlfriend discovered a young girl's underwear in their laundry *that was in a public washing machine*, that would not make the statement untrue, it would merely add another detail.

- During the investigation into the bus-stop incident, two of the victims positively identified Jones as the man who had exposed himself to the group of children. (Butt Decl. ¶ 14, ECF No. 68-1; Kendall Decl. ¶ 8, ECF No. 94-7.)

  - Although Jones purports to dispute this fact, the evidence he cites does not actually dispute it. He cites to evidence to show that, of all the victims from the bus-stop incident only two could positively identify Jones. (*See* Pl.'s Resp. Stmt. Facts ¶ 21, ECF No. 85; *compare* Report 87-7 *with* I.R. Sworn Stmt. 5, ECF No. 68-4 *and* J.C. Sworn Stmt. 5, ECF No. 68-4.) That fact does not disprove the fact that two of the bus-stop-incident victims did positively identify Jones. Like other facts that he attempts to *dispute*, Jones's record citations merely provide additional detail, but do not actually dispute the fact that two of the bus-stop-incident victims did identify him as the person who exposed himself to the group of children. (*See* Pl.'s Resp. Stmt. Facts ¶ 21, ECF No. 85 (citing J.C. Sworn Stmt. 3, 6–7, ECF No. 68-4).)

    - In evaluating the summary-judgment motion, the Court has *not* considered the additional identification by S.C., one of the victims of the apartment-complex incident. The Court does not include this identification in the calculus of whether probable cause existed because Jones has adequately disputed this identification. (*See* Pl.'s Resp. Stmt. Facts ¶ 4, ECF No. 85.)

The question is—based on these undisputed facts—would a prudent person believe that Jones had violated the law? The Court determines—as a matter of law—that a prudent person would believe that Jones had committed a crime based on these reasonably trustworthy facts and circumstances. Since Detective Butt had probable cause to support the charges against Jones, Jones's claims for malicious prosecution necessarily fail.

There is overwhelming evidence establishing probable cause that Jones was the perpetrator of the apartment-complex incident. Both the bus-stop incident and the apartment-complex incident involved similar behavior by the

perpetrator (*i.e.*, exposing his genitals to a group of young children). Both incidents occurred in close proximity to each other, temporally (about two months apart) and geographically (less than 800 meters apart). Two of the bus-stop-incident victims identified Jones as the perpetrator of that incident. Jones had been a suspect in numerous incidences of peeping into little girls' windows, and had previously been arrested for loitering, prowling, and burglary. Jones's girlfriend discovered a young girl's underwear in their laundry (although they did not have a child). Jones lived adjacent to the scene of both the apartment-complex incident and the bus-stop incident. And finally, Jones resembled the composite sketch of the perpetrator of the apartment-complex incident. Jones's resemblance to the composite sketch was confirmed by Detective Butt, Officer Burst, by Jones's girlfriend, and later by Van Brock. Jones himself has even conceded that the composite sketch resembled him. (Jones Decl. ¶ 4, ECF No. 86-8.) A law enforcement officer has probable cause to arrest a person who resembles a victim's composite sketch so long as "temporal and geographic proximity" also align. *Shriner v. Wainwright*, 715 F.2d 1452, 1454 (11th Cir. 1983); *accord Shriner v. Florida*, 386 So. 2d 525, 528 (Fla. 1980).

Jones fails to establish that he does not resemble the composite sketch. Jones argues that Detective Butt stated that the description of the perpetrator of the bus-stop incident did not match the composite sketch of the perpetrator of the apartment-complex incident. (Pl.'s Resp. Stmt. Facts ¶ 3, ECF No. 85 (citing Hr'g Tr. (Butt Test.) 21:15–22:20, June 24, 2008, ECF No. 84-2).) But that is not what Detective Butt's testimony indicates, and, at best, the testimony excerpt that Jones cites is too confusing to be of any relevance. (*See* Hr'g Tr. (Butt Test.) 21:15–22:20, ECF No. 84-2.) When Detective Butt denies that the "description matches the sketch," he seems to be indicating that the *description* of another suspect (Falcon) did not resemble the composite sketch—not that the description of the bus-stop-incident perpetrator did not resemble the composite sketch. (*Id.*) Jones's implausible overreach in interpreting Detective Butt's testimony is the type of *scintilla of evidence* that is not sufficient to defeat summary judgment. *See, e.g.*, *Gilliard v. Ga. Dep't. of Corr.*, 500 F. App'x 860, 866, 870–72 (11th Cir. 2012). This argument also fails because a comparison of the composite sketch and a photograph of Jones (*compare* Butt Decl. Ex. B (composite sketch), ECF No. 94-1 *with* Butt Decl. Ex. C (Jones's driver's license photo) reveals that—consistent with the unrefuted testimony in this case—Jones resembles the composite sketch enough that, in combination with the other undisputed facts, Detective Butt had probable cause to charge Jones with the crimes committed at the apartment-complex incident. *Cf. Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1357 (Fla.

1994) ("When the facts relied on to show probable cause [are unrefuted] their legal effect . . . is for the court to decide as a question of law."); *cf. also Scott v. Harris*, 550 U.S. 372, 378–81 (2007) (reviewing video evidence on a summary-judgment motion and determining that the record "utterly discredited" Harris's version of events).

Because Detective Butt has established, through unrefuted evidence, that he had probable cause to initiate prosecution of Jones for the apartment-complex incident, the Court must grant summary judgment against Jones, since the lack of probable cause is an essential element for his malicious-prosecution claims. *Wheeler v. Corbin*, 546 So. 2d 723, 725 (Fla. 1989) ("To prevail in an action for malicious prosecution, the claimant must prove that there was an absence of probable cause to initiate proceedings.").

4. **Even if Detective Butt lacked probable cause to maintain the criminal case against him for the apartment-complex incident, there was probable cause to maintain the criminal case against him for the bus-stop incident, and the prosecution for both incidences were wholly overlapping.**

In determining whether probable cause to arrest exists, both Florida and federal law apply an objective lens to the facts and circumstances leading to the arrest. *See Thomas v. Florida*, 395 So. 2d 280, 281 (Fla. 3d DCA 1981); *accord Lee v. Ferraro*, 284 F.3d 1188, 1196 (11th Cir. 2002). The rule is that "when an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest." *Lee*, 284 F.3d at 1196. This rule recognizes the practical reality that if probable cause to arrest a suspect for offense *x* exists, the suspect's Fourth Amendment rights are not violated merely because the arresting officer mistakenly believes that probable cause exists to arrest the suspect for offense *y*. *See United States v. Saunders*, 476 F.2d 5, 7 (5th Cir. 1973) (citing *Klinger v. United States*, 409 F.2d 299, 304 (8th Cir. 1969)). Logically, this objective-evaluation rule can be applied equally to the probable-cause analysis of a malicious-prosecution claim ***in a limited range of cases*** because the liberty interest is the same (*i.e.*, freedom from unreasonable seizure), and the probable-cause standard is the same (*i.e.*, a reasonable basis for belief of guilt). A court can apply this rule where the issue relates to a law enforcement officer's role in a malicious-prosecution claim for one criminal event when there is a parallel, related event that is prosecuted concurrently with the event that is the subject of the malicious prosecution claim.

In this case, the Plantation Police Department officers arrested Jones for both the bus-stop incident and the apartment-complex incident at the same time. (Defs.' Stmt. Facts ¶ 24, ECF No. 67; *accord* Pl.'s Resp. Stmt. Facts ¶ 24, ECF No. 85 ("Undisputed").) The cases were prosecuted together and ultimately both were terminated at the same time. (*See* Butt Decl., Ex. H (state court docket sheets), ECF No. 94-6.) Jones does not challenge the fact that probable cause existed to commence the prosecution against him for the bus-stop incident (*See generally* 3d Am. Compl., ECF No. 37; *cf. also* Pl.'s Resp. Stmt. Facts ¶ 3, ECF No. 85 (disputing only that actually "committed the criminal acts at the bus stop incident").) Since the prosecution for the apartment-complex incident overlapped the prosecution for the bus-stop incident, Detective Butt cannot be liable for a malicious-prosecution case, since at all times probable cause existed to prosecute Jones for the bus-stop incident, even if it did not exist to prosecute him for the apartment-complex incident. *Cf. Thomas*, 395 So. 2d at 281; *accord Lee*, 284 F.3d at 1196.

The Court must grant summary judgment for Detective Butt because, even if there was no probable cause to initiate the prosecution against Jones for the apartment-complex incident, the undisputed evidence shows that probable existed to initiate the criminal prosecution against Jones for the bus-stop incident, and under the *unique* facts of this case both of these charges were prosecuted and terminated contemporaneously. Although not raised by the Defendants, it is difficult to conceive how Jones could establish any damages, even if he were to prevail on his malicious prosecution claim based on the fact that he was arrested and prosecuted at the same time for the bus-stop incident, and did not spend any additional time in jail as a result of the apartment-complex incident.

**5. Based on the undisputed evidence, Officer Burst did not initiate the criminal prosecution against Jones for the apartment-complex incident (but even if he had, Officer Burst had probable cause to do so).**

A person is not liable for a malicious-prosecution claim if he or she is not the "legal cause" of the criminal prosecution. *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994). Merely giving a statement to a police officer does not make a person the *legal cause* of a later criminal prosecution, so long as the police officer retains the "uncontrolled discretion" whether the initiate a criminal prosecution or if the officer "makes an independent investigation," and, the statement-giver is "not regarded as having instigated" the criminal prosecution. *McCraney v. Barberi*, 677 So. 2d 355, 357 (Fla. 1st DCA 1996); *see also Cuccia v. Westberry*, 506 So. 2d 1059, 1061 (Fla. 2d DCA 1987) (holding that a person who did not "sign any affidavits or give

any information to the state attorney's office" in support of criminal charges could not be liable for malicious prosecution).

It is undisputed in this case that Officer Burst had no involvement in Jones's arrest and prosecution other than providing Detective Butt the information regarding his conversation with Van Brock and relating his own opinion that Jones resembled the composite sketch of the apartment-complex-incident perpetrator. (Defs.' Stmt. Facts ¶ 17, ECF No. 67.) Although Jones attempts to dispute this assertion, he fails. First, his contention that Officer Burst spoke with Detective Butt around February 7 or 8, as opposed to February 12, (Pl.'s Resp. Stmt. Facts ¶ 14, ECF No. 85) is not a material issue, as explained above in section 3. Second, there is no evidence that Van Brock ever told Officer Burst that the load of Jones's laundry that contained a young girl's underwear had been washed in public washing machine. (*See* Van Brock Dep. 146:7–150:5, Nov. 4, 2014, ECF No. 87-1 (agreeing that she told Officer Burst that her daughter (Jones's girlfriend) "had found a little girl's panties in the apartment").) Third, accepting Van Brock's statement that she did not tell Officer Burst during their meeting at the International House of Pancakes that she thought that the composite sketch looked like Jones—only that her daughter (Jones's girlfriend) thought so—that discrepancy is not a genuine issue over a *material* fact because Officer Burst accurately communicated to Detective Butt that (1) he (Burst) believed that the sketch looked like Jones, (2) Jones's girlfriend believed that the sketch looked like Jones, and (3) Van Brock later saw the sketch (one week after Jones was arrested) and agreed that the sketch looked like Jones (Van Brock Dep. 158:3–6, ECF No. 87-1.) The discrepancy regarding Van Brock's statement at the International House of Pancakes that she too believed the sketch looked like Jones might be a material issue if Jones's claims were solely for false arrest, but since he only has claims for malicious prosecution, this minor discrepancy does not involve an issue over a *material* fact. Finally, Officer Burst's statement regarding his hopes to make detective does not negate or dispute any of the other facts.

Officer Burst's statements to Detective Butt—without more—are not enough to establish that he was the legal cause of Jones's criminal prosecution for the apartment-complex incident. Detective Butt did not base his decision to arrest Jones solely on the information provided by Officer Burst, in fact Detective Butt had probable cause to arrest Jones based solely on the positive identification of Jones as the perpetrator of the bus-stop incident, Jones living in the area, and Jones's resemblance to the composite sketch. Since Detective Butt conducted an independent investigation regarding Jones's involvement in the apartment-complex incident, and because Officer Burst never signed an affidavit or gave any information to the state attorney's office to instigate the

criminal prosecution of Jones, the malicious-prosecution fails as a matter of law. *See Cuccia v. Westberry*, 506 So. 2d 1059, 1061 (Fla. 2d DCA 1987).

Even if Officer Burst did instigate the criminal prosecution of Jones, he had probable cause to do so. As explained in detail above (section 3) the Plantation Police Department collected enough evidence to support a probable cause finding supporting the decision to initiate criminal proceedings against Jones for exposing himself to the children at the apartment-complex incident. Probable cause existed, even if Van Brock's pre-arrest identification is removed from the calculus—although since this is a malicious-prosecution suit (not a false-arrest suit) her post-arrest identification remains relevant and probative to the determination that probable cause existed to commence or continue the criminal prosecution against Jones.

The Court must grant summary judgment for Officer Burst because the undisputed evidence shows (1) that Officer Burst was not the legal cause of the criminal prosecution against Jones, (2) that probable existed to initiate the criminal prosecution against Jones for the apartment-complex incident, and, alternatively, (3) that probable existed to initiate the criminal prosecution against Jones for the bus-stop incident.

**6. Conclusion.**

Probable cause is an essential element of a malicious prosecution claim. "Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information." *Case v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009). The crux of this lawsuit is Jones's argument that Detective Butt and Officer Burst did not have irrefutable evidence of guilt before arresting and charging him. But that is not the law. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). Under Jones's theory of liability, a police officer would be liable for malicious prosecution in most every case that failed to result in a conviction. *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla.*, 956 F.2d 1112, 1120 (11th Cir. 1992); *accord Lee v. Geiger*, 419 So. 2d 717, 719 (Fla. 1st DCA 1982) (explaining that so long as probable cause exists a malicious prosecution claim is not viable even with an "imperfect criminal investigation" and where the police officer exercised "poor judgment in conducting his investigation"). Jones's numerous citations (in this response brief, statement of facts, and counterstatement of facts) to other events and details that occurred during the investigation simply do not negate the undisputed facts outlined in this order. Because these undisputed facts demonstrate probable cause, Jones's claims fail, regardless of the additional details he focuses on.

After considering the motion, the record, and the relevant legal authorities, the Court finds that probable cause existed to justify the

commencement of a criminal prosecution against Jones for exposing himself to the children at the apartment-complex incident.  Because Jones has failed to present any evidence to support this essential element of his malicious-prosecution claims and for the reasons explained in this order, the Court **grants** the Defendants' motion for summary judgment (ECF Nos. 66 [sealed version] & 92 [redacted version]).

**Done and ordered** in chambers at Miami, Florida on June 8, 2015.

_____
Robert N. Scola, Jr.
United States District Judge